GARY M. RESTAINO
United States Attorney
District of Arizona
JAVIER TORRES
Assistant U.S. Attorney
Arizona State Bar No. 032397
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone:  (602) 514-7500
Main Fax: (602) 514-7693
Email: Javier.Torres@usdoj.gov
LAURENCE G. TINSLEY, JR.
Assistant United States Attorney
Arizona State Bar No. 012581
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Fax:: (602) 514-7693
Email:  laurence.tinsley@usdoj.gov

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Chambered Custom Firearms, LLC, et al., | No. CV-24-00521-PHX-DMF |
| Petitioners, | |
| v. | **MOTION TO DISMISS** |
| Kristina Babcock, | |
| Respondent. | |

Respondent Kristina Babcock, through undersigned counsel, hereby moves for dismissal of Petitioners' Chambered Custom Firearms, LLC's ("Chambered Custom") and John Lamontagne's Petition for *De Novo* Review (Doc. 1) (the "Petition") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Respondent also opposes Petitioners' *Ex*

*Parte* Motion to Deem the Petition Filed on March 11, 2023 (Doc. 6).

On January 10, 2024, Petitioners received notice from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") that their application for a federal firearms license ("FFL") under the Gun Control Act ("GCA") was denied. Upon receipt of that notice, Petitioners had sixty days to file a petition for de novo review. Petitioners missed this deadline due to their own error—not due to any error by this Court. Failure to meet the sixty-day deadline is fatal to subject matter jurisdiction. Thus, the Court should deny the *Ex Parte* Motion and dismiss the Petition.

**I.      BACKGROUND**

Petitioner John Lamontagne applied for an FFL on behalf of Chambered Custom in February 2023. Doc. 1 at ¶ 9. Mr. Lamontagne is the sole responsible person identified on Chambered Custom's application for an FFL. Doc. 1 at ¶ 10. Petitioner John Lamontagne is the sole member of Chambered Custom, which was organized as an Arizona LLC in February 2023. Doc. 1 at ¶¶ 7-8. Prior to his involvement with Chambered Custom, Mr. Lamontagne was a responsible person under the GCA for Chambered Group USA, LLC ("Chambered Group"). Chambered Group's FFL was revoked by ATF due to multiple willful violations of the GCA. Doc. 1 at ¶ 17. Chambered Group timely filed a petition for *de novo* review challenging the revocation, but Judge Steven Logan found that Chambered Group's violations of the GCA were willful and affirmed the revocation. *See Chambered Grp. USA, LLC v. Babcock*, No. CV-23-01850-PHX-SPL, 2023 WL 6317941, at *5 (D. Ariz. Sept. 28, 2023) ("Considering the record and briefings, and the oral arguments and testimonies at the Preliminary Injunction hearing, it is clear that Petitioner [Chambered Group] willfully violated the GCA."), *appeal dismissed*, No. 23-2565, 2023 WL 10709907 (9th Cir. Nov. 1, 2023). Petitioner Chambered Custom's application for an FFL was denied by ATF on January 5, 2024, due to the previous willful violations of the GCA by Chambered Group. Doc. 1 at ¶¶ 1, 17. Petitioners received notice of the denial by mail on January 10, 2024. *See* Section II.B., *infra.* They then had sixty days—or until March 11, 2024—in which to file a petition in the district court seeking review of the denial. 18 U.S.C.

§ 923(f)(3). Petitioners filed this action on March 12, 2024 (Doc. 1), and have moved to have the Petition deemed to have been filed on March 11, 2024 (Doc. 6).

## I.   PETITIONERS' MOTION TO DEEM THE PETITION TIMELY FILED SHOULD BE DENIED.

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A paper is filed by: (1) delivering it to the clerk; or (2) by submitting it electronically. Fed. R. Civ. P. 5(d)(2) and (3). The Clerk of the Court is authorized to "develop, publish and implement an Electronic Case Filing Administrative Policies and Procedures Manual for the District of Arizona (Administrative Manual)." LRCiv 5.5(a). The Administrative Manual provides that "[e]lectronic transmission of a document to the [Electronic Case Filing ("ECF")] system, together with the transmission of a Notice of Electronic Filing ("NEF") from the court, constitutes filing of the document. . . ." Administrative Manual at Section II(B).

Regardless of whether a complaint is delivered or electronically transmitted, it "is filed when it is placed in the actual or constructive custody of the clerk of the court." *United States v. Dae Rim Fishery Co.*, 794 F.2d 1392, 1395 (9th Cir. 1986). A complaint is constructively filed when it "'arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1231 (9th Cir. 2015) (quoting *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 281 (9th Cir. 1983)).

"A registered user whose filing is untimely due to a technical failure may seek relief from the court." Administrative Manual at Section II(O)(2)(f). A "technical failure" is defined as "a malfunction of court-owned/leased hardware, software, and/or telecommunications facility which results in the inability of a registered user to submit a filing electronically." *Id.* at Section I(A). "Problems on the filer's end, such as problems with the filer's Internet service provider (ISP), or hardware of software problems, will not generally excuse an untimely filing." Administrative Manual at Section II(O)(2)(b).

Here, Petitioners have moved to have the Petition deemed timely, arguing that their counsel uploaded the Petition and paid the filing fee, but a "technical failure," presumably

counsel's use of the Google Chrome browser, caused the Petition not to be transmitted to the clerk's office on March 11, 2024. Doc. 6 at 2. In support of their argument, Petitioners have attached a declaration from Louisa Beck, a legal assistant at Bowman and Brooke LLP, which is representing Petitioners, declaring that she used Google Chrome for the filing, and that she clicked "Next" on the "File a New Civil Case" screen and was then taken back to the District's ECF home page. Doc. 8 at ¶¶ 6, 9, 10. The declaration, which was filed on April 3, 2024, purportedly contains a screenshot of the screen that Ms. Beck believed consummated the filing. *See* Doc. 8-2. The screenshot appears to have been copied and pasted onto a blank page and clipped to omit certain information that would have been visible on the screen. Thus, it is not a true screenshot. It also is not a printout from the ECF system. The "screenshot" does not show the browser that was used or the page address and does not contain any information that establishes the date or time that the "screenshot" was captured. Moreover, the "screenshot" directs the filer to "PLEASE PRINT & RETAIN THE FINAL SCREEN AS YOUR RECEIPT FOR SUBMITTING A NEW CASE." *Id.* The "final screen" comes after the filer selects the "Next" button and contains XXXXXXX. That page, which the filer is instructed to print and retain, is not attached as an exhibit to Ms. Beck's declaration.

Ms. Beck declares that after she clicked "Next" she was redirected to the Court's ECF home page. Doc. 8 at ¶ 10. Attached to Ms. Beck's declaration is a purported screenshot of the home page to which Ms. Beck declares she was redirected. *See* Doc. 8-3. As with Exhibit 2 to Ms. Beck's declaration, Exhibit 3 is not a screenshot and does not contain any information about the date or time it was purportedly captured or the browser that was used, but Exhibit 3 necessarily was not captured at the time the Petition was purportedly filed on the evening of March 11, 2024, given that it shows that the "last login" occurred on "03-21-2024 [at] 15:42[.]" Doc. 8-3.

The Court provides detailed instructions on how to initiate a civil case.  *See* How to Submit Case Opening Documents in the United States District Court for the District of Arizona (the "Case Opening Manual"), available at

https://www.azd.uscourts.gov/sites/azd/files/how%20to%20submit%20case%20opening%20documents.pdf (last accessed July 2, 2024). The Case Opening Manual details the fourteen (14) steps a filer must take when initiating a civil case in order to transmit the case initiation documents to the Clerk's office. Case Opening Manual at 1-10. The Case Opening Manual includes snippets of each screen the filer will encounter in the filing process. The "filing screen" that Ms. Beck believed consummated the filing, and which advises the filer to "print & retain the final screen as your receipt for submitting a new case" is Step 12. *Id.* at 9. After selecting "Next," the filer is taken to another screen that requires them to select between "Next" and "Clear." *Id.* When the filer selects "Next," they are then taken to a screen that displays the source path for the documents to be filed and requires the filer to again select "Next" or "Clear." If the filer selects "Next," they are taken to the final screen, which is the Notice of Electronic Filing that must be printed and/or

saved as the filer's receipt of filing a new civil case. *Id.* at 11. An example is included in the Case Opening Manual at 11:

The Court addressed a similar scenario in *Perparos v. United Industries Corp.*, No. CV-13-01786-PHX-SPL, 2015 WL 11117075, at *1 (D. Ariz. Sept. 10, 2015). In *Perparos*, the attorney paid the filing fee and believed the case initiation documents had been filed but was contacted by the Clerk's office the next day, which informed him that while the filing fee had been paid, the complaint and accompanying case initiation documents had not come through. Counsel then successfully transmitted the documents and the case was

# Notice of Electronic Filing (NEF)

**NOTE:** Because this entry is private, you will not receive a Notice of Electronic Filing (NEF) via email. Please print and/or save this NEF as your receipt of filing a new civil case.

**File a New Civil Case**

**U.S. District Court**

**DISTRICT OF ARIZONA**

**Notice of Electronic Filing**

The following transaction was entered by Attorney4, on 5/6/2013 at 2:47 PM MST and filed on 5/6/2013
**Case Name:**     Plaintiff v. Defendant
**Case Number:**     2:13-at-99905
**Filer:**
**Document Number:** 1

**Docket Text:**
New Civil Case documents submitted. Filing fee received: $ 400, receipt number 0970-34191. Plaintiff: Rocky Squirrel, Defendant: Bullwinkle Moose. (Attorney4, )

No public notice (electronic or otherwise) sent because the entry is private
The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096393563 [Date=5/6/2013] [FileNumber=28827-0] [
0f415337f4c3ab286137985fab38fe09c57a865713258a2d57d5408c25e47d050bc618
b985ccdf475b755d8d9207e3eea8a4238952c2adc0416bb0e5c9f2e34e]]
**Document description:** Civil Cover Sheet
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096393563 [Date=5/6/2013] [FileNumber=28827-1] [
1ba7ce5c2d407b71149fa0e0f686d3d7a99760d99bf16926db5f06cc8e258dd2e18b86
83f13beec027c0864fc7f8a3c07090444f840b827abd2f00e04711bf30]]
**Document description:** Summons
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096393563 [Date=5/6/2013] [FileNumber=28827-2] [
5c613ab4188388c58554b3ff7ba3fb5006700ecdcb66689acc84fda1d24e8db7b30b69
27701b7df3ce64d35a61e95174ebf098663b601ce4186b02b715d698b9]]

docketed one day after the statute of limitations expired. Plaintiff argued that the statute of limitation should be equitably tolled because a "technical glitch during the transmission" not attributable to plaintiff prevented the Clerk's office from receiving the documents. *Id.* at *4. The Court rejected this argument finding that plaintiff "ha[d] not made a prima facie showing of the presence of some extraordinary circumstance that stood in her way, or that she was diligent in pursuing her rights." *Id.* at *5. The Court went on to state that "Perparos's counsel was presumably aware that August 29, 2013 was the last day to file the complaint. However, counsel provides no reasons explaining why he waited until 8 p.m. that day to finalize and submit the complaint, nor does he offer any explanation as to why he did not retain a copy of the Notice of Electronic Filing." *Id.* The Court stated:

> As austerely observed by the Seventh Circuit,

> "Waiting until the last hours is not diligent; the errors that often accompany hurried action do not enable the bungling lawyer to grant himself extra time. . . . Nothing prevented plaintiff's lawyer from acting a day or a week earlier, so that counsel could recover from any gaffe. If counsel blundered to his client's prejudice, the remedy is malpractice litigation against the culprit, not the continuation of litigation against an adversary who played no role in the error."

*Id.* (quoting *Farzana K. v. Indiana Dep't of Educ.*, 473 F.3d 703, 705-706 (7th Cir. 2007)).

Under similar facts, the courts have also denied similar motions to deem documents properly filed. For example, in *MG Star LLC v. AmGUARD Ins. Co.*, No. 123CV00560JLTEPG, 2023 WL 4488279, at *1 (E.D. Cal. July 12, 2023), *report and recommendation adopted*, No. 123CV00560JLTEPG, 2023 WL 5436008, at *1 (E.D. Cal. Aug. 23, 2023) the defendant filed a motion to deem its removal timely filed where it alleged that it had "uploaded the removal documents and exhibits . . . without receiving an error message," had paid the filing fee, "hit the 'next' button to complete the submission," and "did not receive an error message or any notification that the documents had not been received or that anything was not properly filed." 2023 WL 4488279, at *2. The court denied the defendant's motion finding "there [was] no evidence that the notice of removal failed to upload on March 29, 2023, due to a malfunction with the Court's electronic filing system," and that the defendant "should not have assumed the filing was complete until

they received a 'Notice of Electronic Filing,' which it never did." *Id*. at *4. Similarly, in *Gallardo v. First Horizon Home Loans*, No. CV-20-00889-PHX-MTL, 2020 WL 3414711, at *1 (D. Ariz. June 22, 2020), the Court found that the declaration by the paralegal, which included a print out of the ECF page at Step 14 (that included a footer showing the page address and the date it was printed), *see* Doc. 6-1 in CV-20-00889-PHX-MTL, but did not include a copy of the filing receipt at the final screen, was insufficient "to conclude that all the steps necessary to electronically filed the petition for removal were completed on [the last date to timely remove][,]" and denied the defendant's motion to deem the removal timely filed since there was nothing showing that a processing error by the Clerk delayed the filing. 2020 WL 3414711, at *2.

Here, Petitioners waited until the last day of the limitations period (March 11, 2024) to file the Petition, which they attempted to file at 7:40 p.m. *See* Doc. 8-1 (Email from pay.gov confirming payment on March 11, 2024 at 7:43 p.m.). Petitioners do not allege they received an NEF and have not produced the NEF that the Clerk instructs filers to print and retain as their filing receipt. Rather, Petitioners rely on an incomplete, unverifiable "screenshot" which reflects only that Petitioners made it to the twelfth of the fourteen steps necessary to initiate a new civil case. Ms. Beck's declaration does not establish that she proceeded through the fourteen steps necessary to electronically submit the Petition for filing, that she received confirmation that the filing had been transmitted to the Clerk's office, or that a technical failure by the Court's system prevented the Petition from being timely filed. The Petition was filed on March 12, 2024, one day after the limitations period expired. Petitioners are not entitled to equitable tolling or to have the Petitioner "deemed" timely filed.

**II.    THE PETITION IS UNTIMELY AND MUST BE DISMISSED FOR LACK OF JURISDICTION.**

    **A.    Standard for dismissal under Fed. R. Civ. P. 12(b)(1).**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is appropriate when the court lacks subject matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). Because federal courts are courts of limited jurisdiction, it is presumed that a

cause lies outside the jurisdiction of the federal court unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The plaintiff bears the burden of establishing subject matter jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001); *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

"'A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a speaking motion attacking the existence of subject matter jurisdiction in fact.'" *Nat'l Union Fire Ins. Co. v. ESI Ergonomic Solutions, LLC*, 342 F. Supp. 2d 853 (D. Ariz. 2004) (quoting *Thornhill Publ'g Co.*, 594 F.2d at 733). "When a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Id*. District courts may consider evidence presented with respect to the jurisdictional issue, resolving factual disputes if necessary. *Thornhill Publ'g Co.*, 594 F.2d at 733. "When the motion is a factual attack on subject matter jurisdiction, a defendant may 'rely on affidavits or any other evidence properly before the Court.'" *Nat'l Union Fire Ins. Co.*, 342 F. Supp. 2d at 861 (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

**B.      Petitioners received notice of the denial on January 10, 2024.**

The Gun Control Act permits an applicant to challenge the denial of an application for a federal firearm license by filing a petition for de novo review in district court "within sixty days after the date notice was given." 18 U.S.C. § 923(f)(3). Here, ATF issued a Final Notice of Denial of Petitioners' FFL application on January 5, 2024. *See* Ex. A, Declaration of Robin Zier ("Zier Decl.") at ¶ 3. The Final Notice of Denial informed Petitioners that the "application for license . . . [was] denied, pursuant to 18 U.S.C. 923(d)," and further informed Petitioners that they "may, within 60 days after receipt of [the Final Notice of Denial], file a petition pursuant [to] 18 U.S.C. § 923(f)(3) for judicial review with the U.S. District court…" Ex. A-1 at 1.

The Final Notice of Denial was sent to Petitioners by certified mail, return receipt

requested. Ex. A, Zier Decl. at ¶ 4; *see also* Ex. A-1 at 6. Petitioners received the Final Notice of Denial on January 10, 2024. Ex. A, Zier Decl. at ¶ 5; *see also* Ex. A-2 (return receipt postcard tracking number 70202450000064968795). The United States Postal Service website[1] confirms that the Final Notice of Denial was delivered to Chambered Custom's the "Front Desk/Reception/Mail Room," on January 10, 2024, at 12:15p.m.

**C.    The sixty-day period codified in 18 U.S.C. § 923(f)(3) is jurisdictional.**

Pursuant to 18 U.S.C. § 923(f)(3), Petitioners had sixty days from January 10, 2024, to petition the district court to review the denial of Chambered Custom's application. Sixty days from January 10, 2024, was Sunday, March 10, 2024, which was continued to Monday, March 11, 2024, under the provisions of Fed. R. Civ. P. 6(a)(1)(C). The Petition was not filed until Tuesday, March 12, 2024. *See* Doc. 1. Petitioners' untimely filing deprives the Court of subject matter jurisdiction.

District courts around the country have held that the sixty-day period provided for in 18 U.S.C. § 923(f)(3) begins to run from the date the applicant received the final notice from ATF. *See Hiatt v. Webb*, No. 3:21-CV-00037-JMK, 2021 WL 4268892, at *3 (D. Alaska Sept. 20, 2021) ("The Gun Control Act . . . provides [petitioner] the opportunity to petition this Court for de novo judicial review of . . . [ATF director's] revocation decision within 60 days of his receipt of notice from the ATF."); *Creager v. Bureau of Alcohol,*

---

[1] A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). As such, "court filings and other matters of public record" are ordinarily considered appropriate subjects of judicial notice because they are "readily verifiable." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Tracking records published on the United States Postal Service's ("USPS") website are judicially noticeable so long as they are retrieved within the period in which the USPS maintains accurate records for the mail class or service used. *Muhammad v. Deutsche Bank Nat'l Tr. Co.*, Case No. 21-6243, 2023 WL 3067756, at *5 n.4 (6th Cir. Apr. 25, 2023). Certified Mail tracking data is reliable for a period of two years after the mail has been delivered. USPS Tracking: The Basics FAQ, https://faq.usps.com/s/article/USPS-Tracking-The-Basics (accessed July 2, 2024). A copy of the tracking information for package 70202450000064968795 is attached as Exhibit B.

*Tobacco, Firearms & Explosives*, Civil Action No. ELH-15-1518, 2016 WL 1077123, at *11 (D. Md. Mar. 18, 2016) (finding suit time barred where it was signed within the sixty days but not filed until sixty-two days after notice was received by petitioner); *Farmer v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 456 F. Supp. 2d 893, 900 (S.D. Ohio 2006) (holding lawsuit was time barred where the petition was filed one day late). The GCA's sixty-day deadline is jurisdictional and a petitioner's failure to meet the deadline deprives a district court of subject matter jurisdiction. *See Hiatt*, 2021 WL 4268892, at *3 (finding untimely petition deprived court of jurisdiction, stating "[s]tatutory judicial review provisions 'are jurisdictional in nature and must be construed with strict fidelity to their terms." This directive to strictly construe statutory provisions includes restraints on a petitioner's time to file. Such temporal limitations, the Supreme Court has repeatedly stated, are "'mandatory and jurisdictional.'") (quoting *Stone v. I.N.S.*, 514 U.S. 386, 405 (1995)). Here, the Petition was filed one day late and must be dismissed.

**III.    IN THE ALTERNATIVE, THE COURT SHOULD PERMIT JURISDICTIONAL DISCOVERY.**

If the Court denies the motion to dismiss, Respondent requests an opportunity to conduct jurisdictional discovery into the filing issue raised in Petitioners' *Ex Parte* Motion to Deem the Petition Filed on March 11, 2023 (Doc. 6). Because the filing issue bears on the Court's subject matter jurisdiction, Respondent reserves the right to re-assert the lack of subject matter jurisdiction following jurisdictional discovery.

**IV.    CONCLUSION.**

For the reasons set forth above, Petitioners' *Ex Parte* Motion to Deem the Petition Filed on March 11, 2023 (Doc. 6) should be denied, and the Petition should be dismissed for lack of jurisdiction.

RESPECTFULLY SUBMITTED July 3, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

/s/ Javier Torres

JAVIER TORRES
LAURENCE G. TINSLEY, Jr.
Assistant United States Attorneys
*Attorneys for Defendant*