**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chambered Custom Firearms LLC, et al., | No. CV-24-0521-PHX-DMF |
| Petitioners, | |
| v. | **ORDER** |
| Kristina Babcock, | |
| Respondent. | |

In March 2024, Petitioners Chambered Custom Firearms, LLC ("Chambered Custom") and John Lamontagne (together "Petitioners") brought this action against Respondent Kristina Babcock in her official capacity as Director of Industry Operations for the Bureau of Alcohol, Tobacco, Firearms, and Explosives' ("ATF") Phoenix Field Division ("Respondent") (Doc. 1). All parties have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (Docs. 11, 17).

This matter is before the Court on two motions (Docs. 6, 15), both of which are ripe. Petitioners move the Court to deem the Petition initiating this matter filed on March 11, 2024, rather than on March 12, 2024, as reflected on the Court's electronic docket (Docs. 6, 8).[1] Respondent opposes Petitioners' motion and moves to dismiss this matter pursuant

---

[1] Petitioners' motion is misnamed with the date March 11, 2023, but it is clear from the motion's contents and the record in this matter that Petitioners request that the Court deem the Petition filed on March 11, 2024, not March 11, 2023. Further, Petitioners' motion is not ex parte as designated in the title (Docs. 6, 8). The motion was filed on the public docket, and the Court issued an order that Petitioners' motion would not be considered until Respondent had opportunity to respond to the motion after service of process upon Respondent in this matter (Doc. 13).

to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), for lack of jurisdiction (Doc. 15). The issue underlying both motions is the timeliness of the Petition initiating this matter (Docs. 6, 15). The Court's electronic docket reflects that Petitioners filed the Petition on March 12, 2024 (Doc. 1). Petitioners move to have the Petition deemed filed on March 11, 2024 (Docs. 6, 8), which the parties agree would be timely filed pursuant to 18 U.S.C. § 923(f) because the sixty days proscribed in 18 U.S.C. § 923(f)(3) fell on Sunday, March 10, 2024 (Doc. 15 at 2, lines 27-28; *Id.* at 10, lines 8-10, citing Fed. R. Civ. P. 6(a)(1)(C)). Respondents oppose Petitioners' motion (Doc. 15); Respondents move to dismiss this matter as untimely filed and therefore lacking subject matter jurisdiction (*Id.*).

The Court has carefully considered the motions, the briefing and materials in support, the record in this matter, and the applicable law. As set forth below, the Court will deny the motions without prejudice and will order Respondent to file a responsive pleading to the Petition in the timeframe set forth in Fed. R. Civ. P. 12(a)(4)(A); the Court will thereafter set a case management conference. The Court will also direct that the Clerk of Court rename the parties as Petitioners and Respondent on the Court's electronic docket, consistent with the parties' designations in this matter.

I.   **BACKGROUND**

Petitioner John Lamontagne ("Petitioner Lamontagne") is the sole member of Petitioner Chambered Custom, which was organized as an Arizona LLC in February 2023 (Doc. 1 ¶¶ 7-8). In February 2023, Petitioner John Lamontagne submitted an application to ATF for a federal firearms license ("FFL") under the Gun Control Act of 1968 ("GCA"), 18 U.S.C. Chapter 44 and associated regulations, on behalf of Petitioner Chambered Custom for Petitioner Chambered Custom's premises located at 520 North Bullard, Suite 37, Goodyear, AZ 85335 (Doc. 1 ¶ 9). Petitioner Lamontagne was the sole responsible person identified on Petitioner Chambered Custom's FFL application (*Id.* ¶ 10).

ATF denied Petitioner Chambered Custom's application for an FFL; a hearing was requested and conducted; and thereafter Respondent issued the Final Notice of Denial, which is the subject of this action (*Id.* ¶¶ 1, 13, 14, 15). ATF issued the Final Notice of

Denial in January 2024 (Docs. 15-1, 15-2, 15-3).  Respondent submitted evidence that Petitioners received the Final Notice of Denial by mail on January 10, 2024 (Docs. 15-1, 15-2, 15-3, 15-4).  Petitioners do not contest that the Final Notice of Denial was received by Petitioners on January 10, 2024 (*see* Doc. 19).  The GCA provides that an applicant who has received a final notice of denial of a FFL "may at any time within sixty days after the date notice was given under this paragraph file a petition with the United States district court for the district in which he resides or has his principal place of business for a de novo judicial review of such denial or revocation."  18 U.S.C. § 923(f)(3).  Sixty days from January 10, 2024, was Sunday, March 10, 2024.

## II.     PROCEDURAL HISTORY/POSTURE AND PERTINENT FACTS

The Court's electronic docket reflects that Petitioners filed this action on March 12, 2024 (Doc. 1).  Petitioners request that the Court deem the Petition to have been filed on March 11, 2024 (Docs. 6, 8), which the parties agree would be timely pursuant to 18 U.S.C. § 923(f)(3) because the sixty days from receipt of Final Notice of Denial fell on Sunday, March 10, 2024 (Doc. 15 at 2, lines 27-28; *Id.* at 10, lines 8-10, citing Fed. R. Civ. P. 6(a)(1)(C)).  Respondents oppose Petitioners' motion and move to dismiss this matter as untimely filed and therefore lacking subject matter jurisdiction (Doc. 15).  Alternatively,

> Respondent requests an opportunity to conduct jurisdictional discovery into the filing issue raised in Petitioners' Ex Parte Motion to Deem the Petition Filed on March 11, 202[4] (Doc. 6). Because the filing issue bears on the Court's subject matter jurisdiction, Respondent reserves the right to re-assert the lack of subject matter jurisdiction following jurisdictional discovery.

(*Id.* at 11).

In support of Petitioners' motion (Doc. 6), Petitioners submitted an April 3, 2024, declaration of Louisa Beck, a legal assistant at one of the law firms representing Petitioners in this matter (Docs. 6-1, 8).[2]  Ms. Beck's declaration states that on March 11, 2024, she received the Petition in final form from the attorney for filing with the Court, and on that

---

[2] The same declaration was submitted as an attachment to the motion (Doc. 6-1) and as a separate filing with exhibits (Doc. 8).

- 3 -

1  day used Google Chrome for filing the Petition based on standard office practice and
2  because Ms. Beck believed it to be the most reliable web browser based on personal
3  experience with filings using the Court's Electronic Document Filing System (Doc. 8 ¶¶ 5,
4  6). On March 11, 2024, using the "File a New Civil Case" link, Ms. Beck added required
5  information and when prompted, uploaded the Petition and Civil Cover Sheet. Ms. Beck
6  declares that when prompted, she paid the $405 fee for a case-opening filing, received a
7  receipt for payment, and was redirected back to the Electronic Document Filing System in
8  which a screen confirmed that the new case would be processed within one business day
9  but the file date would be the date the documents were submitted and the filing fee paid
10 (Doc. 8 ¶¶ 7, 8, 9). Ms. Beck clicked "Next" and was directed to the Electronic Document
11 Filing System home screen (Doc. 8 ¶ 10).

At this point, it appears that Ms. Beck was at Step 12 and was trying to reach Step 13 of the 14 steps outlined in How to Submit Case Opening Documents in the United States District Court for the District of Arizona ("Case Opening Manual") available on this Court's website. *See* N:\CM-ECF Implementation Project\2013 Information\Internet Site Training Modules\How to Submit Case Opening Documents\Cover She (uscourts.gov) [https://perma.cc/8KGW-QNJF] (last visited Sept. 27, 2024).[3] Ms. Beck's declaration is

---

[3] As explained by Respondent, the Court:

> provides detailed instructions on how to initiate a civil case. *See* How to Submit Case Opening Documents in the United States District Court for the District of Arizona (the "Case Opening Manual"), available at https://www.azd.uscourts.gov/sites/azd/files/how%20to%20submit%20case%20opening %20documents.pdf (last accessed July 2, 2024). The Case Opening Manual details the fourteen (14) steps a filer must take when initiating a civil case in order to transmit the case initiation documents to the Clerk's office. Case Opening Manual at 1-10. The Case Opening Manual includes snippets of each screen the filer will encounter in the filing process. The "filing screen" that Ms. Beck believed consummated the filing, and which advises the filer to "print & retain the final screen as your receipt for submitting a new case" is Step 12. *Id.* at 9. After selecting "Next," the filer is taken to another screen that requires them to select between "Next" and "Clear." *Id.* When the filer selects "Next," they are then taken to a screen that displays the source path for the documents to be filed and requires the filer to again select "Next" or "Clear." If the filer selects "Next," they are taken to the final screen, which is the Notice of Electronic Filing that must be printed and/or saved as the filer's receipt of filing a new civil case. *Id.* at 11.

- 4 -

silent as to Steps 13 and 14 of the Case Opening Manual (Doc. 8).  Nevertheless, Ms. Beck declares that she did not receive any error messages or other alerts on March 11, 2024, and therefore believed the filing was complete on March 11, 2024 (Doc. 8 ¶¶ 11, 12).

Attached to Ms. Beck's declaration are: an automated email Ms. Beck received on March 11, 2024, confirming successful processing of payment to the Court on March 11, 2024 (Doc. 8-1; Doc. 8 ¶ 8); a document described by Ms. Beck as a screenshot reflecting the CM/ECF page to which she was redirected after payment stating:

> The clerk will assign a judge and process the new case. You will receive a NEF with the permanent case number and judge assignment.
>
> Cases will be processed within one business day of receipt. The "File date will be the date documents were submitted AND the filing fee is paid through Pay.gov.

(Doc. 8-2; Doc. 8 ¶ 9); a document described by Ms. Beck as a screenshot reflecting the CM/ECF homepage which appeared after she clicked "Next" (Doc. 8-3; Doc. 8 ¶ 10);[4] and the March 12, 2024 email Ms. Beck received from the Clerk of Court's Office regarding the matter, which stated:

> Yesterday (3/11/2024), the United States District Court, District of Arizona received a $405.00 filing fee (receipt number AAZDC-22835524) to open a new civil case.  The case opening documents were never received.  Please upload the documents using the "Clerk's Use Only" event located under the Utilities tab in the CM/ECF toolbar at the top of the screen.  Once the documents have been correctly uploaded, the final screen will look like a NEF with a document number in our Master Case (2:24-at-99903).  The file date will be the date that the documents are received by the District Court.  If you are using Google Chrome, you will need to switch to a different browser (i.e. Edge or Firefox) to complete the filing.  Please contact the Clerk's Office at 602-322-7200 with any further questions.

(Doc. 15 at 4-6).

---

[4] This attachment could not be an actual screenshot from March 11, 2024, given that it reflects "Last login: 03-21-2024 15:42" (Doc. 8-3).  Given the date on the described "screenshot" in Doc. 8-3 and the questions raised by Respondent as to the missing information from the "screenshots" reflected in Docs. 8-2 and 8-3 (Doc. 15 at 4), the Court infers that Doc. 8-2 is also an example of what Ms. Beck recalls as appearing on her screen on March 11, 2024, not an actual screenshot from March 11, 2024.

- 5 -

(Doc. 8-4). Ms. Beck declares that in response to the email, she "resubmitted the Petition that had been electronically filed using the Electronic Document Filing System on March 11, 2024, pursuant to the instructions provided" (Doc. 8 ¶ 16). Further, when she received the file-stamped copy of the Petition, Ms. Beck reports it was dated as having been received on March 12, 2024, instead of March 11, 2024, when Ms. Beck states she "originally electronically uploaded and filed it with the Clerk's Office and paid the docketing fee" (Doc. 8 ¶ 17).

Respondent opposes Petitioners' motion and moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction (Doc. 15). In support, Respondent submitted: a sworn declaration of Robin Zier, an ATF paralegal who is custodian of records relating to mailing final notices of denial (Doc. 15-1); ATF's January 2024 Final Notice of Denial (Doc. 15-2); and United States Postal Service's records reflecting Petitioners' January 10, 2024, receipt of the Final Notice of Denial at the same address as listed for Petitioner Chambered Custom on its FFL application (Doc. 15-2 at 6; Doc. 15-3; Doc. 15-4; *see also* Doc. 1 ¶ 9).

Petitioners oppose Respondent's motion to dismiss, incorporating all facts and arguments contained in their previously filed motion (Doc. 19). With their opposition, Petitioners submitted a supplemental declaration of Ms. Beck (Doc. 19-1) and a copy of operative Electronic Case Filing User Manual ("ECF User Manual") for this Court in March 2024 (Doc. 19-2).[5] Ms. Beck's supplemental declaration states that as outlined in her initial declaration, after she clicked "Next," following Step 12 of the instructions to submit Case Opening Documents, she was directed to the ECF home screen where there was no opportunity to click "Next" or receive a Notice of Electronic Filing as outlined in Steps 13 and 14 of the case opening instructions in the Case Opening Manual (Doc. 19-1 ¶¶ 5, 6).

Respondent filed a reply in support of Respondent's motion to dismiss (Doc. 20).

---

[5] Respondent accurately reports that the ECF User Manual for this Court was updated in June 2024 (Doc. 20 at 2, n.1).

## III. LEGAL FRAMEWORK

### A. Subject Matter Jurisdiction / Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. A district court must dismiss an action if it lacks subject matter jurisdiction over the suit. Fed. R. Civ. P. 12(b)(1); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A challenge pursuant to Fed. R. Civ. P. 12(b)(1) may be either facial or factual. *Safe Air for Everyone*, 373 F.3d at 1039. In a facial attack, the court may dismiss a complaint when the allegations of and documents attached to the complaint are insufficient to confer subject-matter jurisdiction. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). When considering a motion to dismiss for lack of subject matter jurisdiction, the Court takes as true the material facts alleged in the complaint. *See Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). The Court need not accept the truth of "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). While "[i]n a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction[,]" in "a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. Yet:

> [i]n resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir.2003) (citing *White*, 227 F.3d at 1242). The court need not presume the truthfulness of the plaintiff's allegations. *White*, 227 F.3d at 1242. "Once the moving party has converted the motion to

dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n. 2.

*Id.*[6]

If a defendant files a Fed. R. Civ. P. 12(b)(1) motion attacking the existence of subject-matter jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 569 (9th Cir. 2016) (quoting *United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1018 (9th Cir. 1999)). "Jurisdictional requirements cannot be waived or forfeited" and "do not allow for equitable exceptions." *Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 203 (2022).

**B.     Time Limit for Filing Petition with District Court**

The GCA gives ATF the authority to issue, deny, and revoke FFLs. *See* 18 U.S.C. § 923(c)-(f). If ATF denies or revokes such an application, the FFL applicant may request a hearing to review his denial or revocation. 18 U.S.C. § 923(f)(2). After an administrative hearing and final notice of denial of a FFL, the GCA provides, in pertinent part:

> [T]he aggrieved party may at any time within sixty days after the notice was given under this paragraph file a petition with the United States district court for the district in which he resides or has his principal place of business for a de novo judicial review of such denial or revocation.

18 U.S.C. § 923(f)(3).

---

[6] Federal Rule of Civil Procedure 12(d) does not reference motions to dismiss for lack of subject matter jurisdiction:

> **(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

### C. Filing Petition / Commencing Civil Action

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A person represented by an attorney must file electronically." Fed. R. Civ. P. 5(d)(3)(a). A complaint "is filed when it is placed in the actual or constructive custody of the court." *United States v. Dae Rim Fishery Co., Ltd.*, 794 F.2d 1392, 1395 (9th Cir. 1986).

## IV. DISCUSSION

### A. Respondent's Motion to Dismiss (Doc. 15)

Respondent's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) relies on the premise that the sixty-day deadline in 18 U.S.C. § 923(f)(3) is jurisdictional (*see* Doc. 15 at 10-11; Doc. 20 at 6-7). Yet, neither Respondent nor Petitioners cite, let alone discuss, pertinent recent United States Supreme Court cases regarding the non-jurisdictional[7] nature of various statutory time limits. *Harrow v. Dep't of Def.*, 601 U.S. 480, 489 (2024); *see also Wilkins v. United States*, 598 U.S. 152, 157 (2023); *Boechler*, 596 U.S. at 204. Based on these United States Supreme Court cases, the Court concludes that the sixty-day time limit in 18 U.S.C. § 923(f)(3) is not a jurisdictional time limit. Thus, Respondent's motion fails.

In the motion to dismiss, Respondent cites several district court decisions that have construed the time limit in 18 U.S.C. § 923(f)(3) to be jurisdictional (Doc. 15 at 10). *See Hiatt v. Webb*, No. 3:21-CV-00037-JMK, 2021 WL 4268892, at *3 (D. Alaska Sept. 20, 2021; *Creager v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, Civil Action No. ELH-15-1518, 2016 WL 1077123, at *11 (D. Md. Mar. 18, 2016); *Farmer v. Bureau of Alcohol Tobacco, Firearms & Explosives*, 456 F. Supp. 2d 893, 900 (S.D. Ohio 2006). However, these cases predate the United States Supreme Court's rulings in *Harrow* and *Boechler*, which narrowed the applicability of subject matter jurisdiction as a defense when the only issue is timeliness of filings. *See Boechler*, 596 U.S. at 200 (declining to extend cases that "predate this Court's effort to 'bring some discipline' to the use of the term

---

[7] United States Supreme Court opinions use "non-jurisdictional" and "nonjurisdictional" interchangeably.

- 9 -

'jurisdictional'" (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)).

Time limitations on appeals from one Article III court to another are categorically jurisdictional. *Harrow*, 601 at 488-89 (citing *Bowles v. Russell*, 551 U.S. 205 (2007)). It appears that otherwise, "a procedural requirement [is] jurisdictional only if Congress clearly states that it is." *Boechler*, 596 U.S. at 204 (internal quotations omitted). Indeed, "most time bars are nonjurisdictional." *United States v. Wong*, 575 U.S. 402, 410 (2015). Even if an "important" time limit is "framed in mandatory terms," then "Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional." *Id.*

The United States Supreme Court's ruling in *Harrow* is particularly instructive that 18 U.S.C. § 923(f)(3) is a non-jurisdictional limit. In *Harrow*, the Supreme Court unanimously ruled that the sixty-day time limit in 5 U.S.C. § 7703(b)(1), was non-jurisdictional. *Harrow*, 601 U.S. at 489. That statute provides that a federal employee subject to an adverse personnel action may appeal an unfavorable ruling from the Merit Systems Protection Board to the Court of Appeals for the Federal Circuit. *Id.* at 482. In pertinent part, 5 U.S.C. § 7703(b)(1) provides that "[n]otwithstanding any other provision of law, any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board." Despite the apparent mandatory and conclusory nature of the statutory language, the Court held that the plaintiff's tardy filing did not deprive the federal court of subject matter jurisdiction. *Id.* at 485-86.

Like the plaintiff in *Harrow*, Petitioners in this matter are not appealing from one Article III court to another; rather, they are appealing an adverse ruling from an administrative board. Further, the language in 18 U.S.C. § 923(f)(3) mirrors that of 5 U.S.C. § 7703(b)(1), providing that "[t]he aggrieved party may at any time within sixty days after the date notice was given under this paragraph file a petition with the United States district court." Indeed, the language of 18 U.S.C. § 923(f)(3) is more forgiving than that found in 5 U.S.C. § 7703(b)(1), as Congress omitted the directive "shall," opting for the softer "may." Applying the Supreme Court's decision in *Harrow*, this Court construes

the time limit in 18 U.S.C. § 923(f)(3) to be non-jurisdictional. Therefore, this Court has subject matter jurisdiction over Petitioners' claims, and Respondent's motion to dismiss (Doc. 15) will be denied.

"Of course, the nonjurisdictional nature of the filing deadline does not help [Petitioners] unless the deadline can be equitably tolled." *Boechler*, 596 U.S. at 208. While jurisdictional limits are not subject to equitable tolling, non-jurisdictional time limits generally are subject to equitable tolling. *Id.* Although neither party expressly argues equitable tolling, the circumstances here may present a legal and factual basis for equitable tolling. *See id.* at 209 ("[N]onjurisdictional limitations periods are presumptively subject to equitable tolling."); *Harrow*, 601 U.S. at 483 ("The procedural requirements that Congress enacts to govern the litigation process are only occasionally as strict as they seem."); *Wong*, 575 U.S. at 407-412; *but see United States v. Brockamp*, 519 U.S. 347, 350 (1997) (declining to apply equitable tolling in suit against the Government under 26 U.S.C. § 6511 when Congress "sets forth its time limitations in unusually emphatic form"). Given that the parties' briefing did not cite or discuss the recent United States Supreme Court opinions regarding the non-jurisdictional nature of various federally prescribed time limits, that the parties did not expressly argue regarding the applicability of equitable tolling given the non-jurisdictional nature of the time limit, and the early stage of this matter, it is premature for the Court to decide whether equitable tolling applies here to render the Petition timely filed.

**B.    Petitioners' Motion to Deem Petition Filed on March 11, 2024 (Doc 6)**

In their motion and related filings, Petitioners argue that under Section II(O)(2)(f) of the Court's ECF Administrative Manual,[8] their Petition initiating this action and civil cover sheet should be considered filed on March 11, 2024, and that the Court's actual

---

[8] The ECF Administrative Manual (updated in July 2024) is on the Court's website: https://www.azd.uscourts.gov/sites/azd/files/adm%20manual.pdf [https://perma.cc/3CJ4-7JG2] (last visited Oct. 1, 2024). The definition of "technical failure" appears unchanged from the version in place in March 2024 and cited by Petitioners in their motion (Doc. 6 at 2). In the briefing, the parties reference the Court's Case Opening Manual, ECF User Manual, and ECF Administrative Manual, which are three different documents and together are referred to as the "ECF manuals."

- 11 -

receipt of documents on March 12, 2024, was the result of a technical failure on the part of the Court when Ms. Beck used the web browser Google Chrome on March 11, 2024, for submitting and electronically filing the case opening documents (Doc. 6).[9]  Although the ECF manuals do not specify Google Chrome as an approved browser, Petitioners argue that Ms. Beck, the legal assistant who attempted to upload Petitioner's opening documents on March 11, 2024, had used that internet service provider countless times before without issue (Doc. 8 ¶ 6), and, therefore, the failure to upload must have been the result of a technical failure of the Clerk's Office, constituting a "malfunction of court-owned/leased hardware, software, and/or telecommunications facility which result[ed] in the inability of a registered user to submit a filing electronically" (Doc. 6 at 2; *see also* Doc. 19). Petitioners emphasize that their arguments in support of the relief requested in their motion do not rely on the constructive filing doctrine, which allows for the receipt of documents not within the local rules to nevertheless be considered filed on the date which the court received them (Doc. 19 at 3).[10]  Instead, Petitioner's arguments are reliant on the ECF Administrative Manual, which provides, "[a] registered user whose filing is untimely due to a technical failure may seek relief from the court."  ECF Administrative Manual § II(O)(2)(f).[11]

As described by Respondent:

---

[9] *See supra* note 1.

[10] "A complaint is *constructively* filed, rather than *actually*, when it 'arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules.'"  *Perparos v. United Indus. Corp.*, No. CV-13-01786-PHX-SPL, 2015 WL 11117075, at *3 (D. Ariz. Sept. 10, 2015) (quoting *Escobedo v. Applebees*, 787 F.3d 1226, 1231 (9th Cir. 2015) (internal quotations omitted); *see also Loya v. Desert Sands Unified School Dist.*, 721 F.2d 279, 281 (9th Cir. 1983) ("[F]or purposes of the statute of limitations the district court should regard as 'filed' a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules.").  The Ninth Circuit held that strict adherence to local rules as jurisdictional requirements "conflict[ed] with Rule 1 of the Federal Rules of Civil Procedure, which provides that the Rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action.'"  *Loya*, 721 F.2d at 280-81.

[11] This provision also appears unchanged in the ECF Administrative Manual (updated in July 2024).  *See* Doc. 6 at 2.

- 12 -

> "A registered user whose filing is untimely due to a technical failure may seek relief from the court." Administrative Manual at Section II(O)(2)(f). A "technical failure" is defined as "a malfunction of court-owned/leased hardware, software, and/or telecommunications facility which results in the inability of a registered user to submit a filing electronically." *Id.* at Section I(A). "Problems on the filer's end, such as problems with the filer's Internet service provider (ISP), or hardware of software problems, will not generally excuse an untimely filing." Administrative Manual at Section II(O)(2)(b).

(Doc. 15 at 3; *see also* Doc. 20 at 5).

Respondent argues that in filing the Petition and other case opening documents, Ms. Beck avowed to having completed only twelve of the required fourteen steps to open a case outlined in the Case Opening Manual at page 12 and therefore did not properly file the Petition and did not exercise due diligence in ensuring the documents had been properly filed (i.e., Petitioners did not receive a NEF as receipt of filing a new civil case and did not try to refile the evening of March 11, 2024, to ensure the Court's system was truly nonfunctioning) (Doc. 15 at 8; Doc. 20 at 3). Citing ECF User Manual at p. 4, Doc. 19-2 at 8, Respondent also argues that Petitioners did not meet their burden of showing that the failure to upload was due to a technical failure of the Clerk's office, as the ECF User Manual also notes that files can fail to upload if a user does not clear "temporary Internet files" before uploading (Doc. 19-2 at 8; Doc. 20 at 4). Respondent asserts:

> Under similar facts, the courts have also denied similar motions to deem documents properly filed. For example, in *MG Star LLC v. AmGUARD Ins. Co.*, No. 123CV00560JLTEPG, 2023 WL 4488279, at *1 (E.D. Cal. July 12, 2023), report and recommendation adopted, No. 123CV00560JLTEPG, 2023 WL 5436008, at *1 (E.D. Cal. Aug. 23, 2023) the defendant filed a motion to deem its removal timely filed where it alleged that it had "uploaded the removal documents and exhibits . . . without receiving an error message," had paid the filing fee, "hit the 'next' button to complete the submission," and "did not receive an error message or any notification that the documents had not been received or that anything was not properly filed." 2023 WL 4488279, at *2. The court denied the defendant's motion finding "there [was] no evidence that the notice of removal failed to upload on March 29, 2023, due to a malfunction with the Court's electronic filing system," and that the defendant "should not have assumed the filing was complete until they received a 'Notice of Electronic Filing,' which it never did." *Id.* at *4.

- 13 -

Similarly, in *Gallardo v. First Horizon Home Loans*, No. CV-20-00889-PHX-MTL, 2020 WL 3414711, at *1 (D. Ariz. June 22, 2020), the Court found that the declaration by the paralegal, which included a print out of the ECF page at Step 14 (that included a footer showing the page address and the date it was printed), *see* Doc. 6-1 in CV-20-00889-PHX-MTL, but did not include a copy of the filing receipt at the final screen, was insufficient "to conclude that all the steps necessary to electronically filed the petition for removal were completed on [the last date to timely remove][,]" and denied the defendant's motion to deem the removal timely filed since there was nothing showing that a processing error by the Clerk delayed the filing. 2020 WL 3414711, at *2.

(Doc. 15 at 7-8).

Respondent also argues that Petitioners bore the risk in experiencing technical difficulties by filing at 7:43 p.m. on what the parties agree was the final possible day (Doc. 15 at 8; Doc. 20 at 3). In addition, Respondent argues that Petitioners were on notice that Google Chrome was not a compatible browser with the Court's electronic filing system and have not established that Google Chrome was the cause of the Petition's filing on March 12, 2024, rather than March 11, 2024 (Doc. 20 at 4-5). Further, Respondent also argues that even if the March 11, 2024 filing failed because of Google Chrome, Petitioners have not established that this constitutes a "technical failure" under the ECF Administrative Manual (*Id.* at 5-6). Moreover, Respondent questions the nature of the "screenshots" that are submitted with Petitioner's motion (Doc. 15 at 4) and requests an opportunity to conduct discovery regarding the facts presented in support of Petitioner's motion rather than the Court grant the motion at this time (*Id.* at 11).

Petitioners argue that the circumstances in this matter are different from those in the cases cited by the Respondent (Doc. 19 at 3-4). Petitioners argue "due to a technical malfunction between Google Chrome and the Court's electronic filing system, which was unknown to Petitioners' counsel at the time, the filing was not completed on March 11, 2024" (*Id.* at 2). Petitioners assert that they "had no way of knowing in advance of filing the Petition, being that a prior appeal was filed via Google Chrome without issue" (*Id.* at 4). Indeed, Petitioners' counsel avers that counsel "has successfully used the Court's ECF system on numerous prior occasions and electronically filed new actions using the exact

same procedures utilized in this instance" (*Id.* at 3). Petitioners further argue that the ECF User Manual did not explicitly forbid the use of Google Chrome or that "non-ISP specified browsers such as Google Chrome should not be used, or that a case opening [] document could be deemed as filed later than the original filing date due to browser compatibility issues" (*Id.* at 5-6). Petitioners also argue that a dismissal would waste judicial resources by allowing them to resubmit their FFL application which would reroute them back to this Court should that application be denied (*Id.* at 6).

The Court finds that the present record before the Court is insufficiently developed for the Court to find the requisite "technical failure" Petitioners urge under the ECF Administrative Manual, particularly in light of Respondent's request for opportunity to conduct discovery. Further, the arguments raised by the parties also appear pertinent to consideration of equitable tolling. *See supra*, Section IV(A). Therefore, Petitioners' motion (Doc. 6) will be denied without prejudice.

## V. CONCLUSION

Because the sixty-day time limit in 18 U.S.C. § 923(f)(3) is non-jurisdictional and it is premature to decide the applicability of equitable tolling legally and factually, Respondent's motion to dismiss (Doc. 15) will be denied without prejudice.

Because the record is not sufficiently developed for the Court to find that Petitioners have established a technical failure as defined by the ECF Administrative Manual and it is premature for consideration the equitable tolling issue as it relates to any motion to deem the Petition timely filed, Petitioners' motion (Doc. 6) will be denied without prejudice.

Respondent will be required to file a responsive pleading to the Petition in the timeframe set forth in Fed. R. Civ. P. 12(a)(4)(A). The Court will thereafter set a case management conference; the Court is inclined for the matter to proceed to discovery, etc., on all issues, not just the issue of the Petition's timeliness.

Accordingly,

**IT IS HEREBY ORDERED** denying Petitioners' motion to deem Petition filed on March 11, 2024 (Doc. 6) without prejudice.

**IT IS FURTHER ORDERED** denying Respondent's motion to dismiss (Doc. 15) without prejudice.

**IT IS FURTHER ORDERED** that Respondent shall file a responsive pleading to the Petition in the timeframe set forth in Fed. R. Civ. P. 12(a)(4)(A).

**IT IS FURTHER ORDERED** that the Clerk of Court shall rename the parties as Petitioners and Respondent on the Court's electronic docket.

Dated this 2nd day of October, 2024.

_____
Honorable Deborah M. Fine
United States Magistrate Judge