220

1          Dividing that out further, again, roughly

2     extrapolating, you are looking at approximately less than six

3     transactions per day.

4          So the arguments that we've heard -- the position that

5     we've heard about, it's too busy, pandemic, et cetera, tough to

6     keep up with the volume of sales, um, I think needs to be

7     considered in light of the number of violations or the number

8     of forms that were examined in the period of time, and the

9     average amount of transactions per day that that equals, and

10    again, that is somewhat just less than six.

11         There's no case law that we are aware of, Your Honor,

12    that requires that a nexus occur between a violation of the GCA

13    and some untoward event.

14         This is an analysis that is more subtle than that and

15    it's cited at page 11 of our response.  And, yes, a few

16    inadvertent errors, failing to complete forms may not amount to

17    willful failures, even if there's knowledge that the forms have

18    to be completed correctly.

19         Yet at some point the numbers get to a point where --

20    and the rate of instance increased and the explanations

21    provided, yes, we're going to get better, yes, we're going to

22    try this, yes, we're going to do this, and yet the violations

23    occur, repetitive violations, where at some point an inference

24    of plain indifference or reckless disregard arises meeting the

25    definition of that standard, according to *General Store* and the

UNITED STATES DISTRICT COURT

CHAMBERED CUSTOM FIREARMS-000277

1    *Perry* opinion.

2         My focus has been specifically on the likelihood of

3    success.  We believe that they have not made a clear showing

4    for the substantial and drastic remedy for which they are

5    asking this Court to enter.

6         And we will stand on the testimony today and on the

7    briefing as to the other three components of the preliminary

8    injunction standard.

9         Thank you, Your Honor.

10        THE COURT:  Thank you very much, Mr. Capps.

11        Mr. Allan.

12        MR. ALLAN:  Your Honor, very briefly.  IOI Tara

13   Crubaugh was the one person at the ATF that had reviewed all of

14   the 4473 forms completed by Chambered Group during this

15   relevant period, and the one person who personally interacted

16   with Chambered Group during the course of her inspection.

17        She is in a better position than anyone at the ATF to

18   determine whether these violations were made intentionally and

19   whether it poses a threat to public safety.

20        With regard to the number of violations committed, we

21   believe they are minimal compared to the total number of

22   firearms completed.

23        The U.S. Attorney made some arguments based on the

24   number of forms that would be completed per day.  That's

25   assuming that Chambered Group is conducting business seven days

UNITED STATES DISTRICT COURT

1    a week.

2           They are only open five and a half days per week.  And

3    they are not necessarily going to be conducting the same number

4    of transactions on every single day.

5           They could have certainly had days during this period

6    in which they conducted 20, 30, or more transactions, similar

7    to the testimony by Mr. Fern, especially on Saturdays and

8    Fridays being the busier days when they had customers out the

9    doors.

10           With regard to repeat violations, as we addressed in

11    our reply, another court considered the same arguments by the

12    ATF and decided to issue a stay in response and did,

13    notwithstanding arguments by the ATF that repeat violations

14    demonstrate willfulness and should result in the denial of a

15    motion for a preliminary injunction.

16           Thank you, Your Honor.

17           THE COURT:  Thank you very much.  I want to thank the

18    parties for your papers that you filed with the court, the

19    questions that you have asked this morning and afternoon and,

20    of course, your arguments.

21           This Court will take the matter under advisement, and

22    I will rule in due course.  Everyone have a wonderful evening.

23           The hearing is adjourned.

24           (Proceedings conclude at 3:44 p.m.)

25

UNITED STATES DISTRICT COURT

CHAMBERED CUSTOM FIREARMS-000279

223

1                        C E R T I F I C A T E

2

3          I, ELVA CRUZ-LAUER, do hereby certify that I am duly

4    appointed and qualified to act as Official Court Reporter for

5    the United States District Court for the District of Arizona.

6          I FURTHER CERTIFY that the foregoing pages constitute

7    a full, true, and accurate transcript of all of that portion of

8    the proceedings contained herein, had in the above-entitled

9    cause on the date specified therein, and that said transcript

10   was prepared under my direction and control.

11         DATED at Phoenix, Arizona, this 6th day of October,

12   2023.

13

14                              _____
                                      s/Elva Cruz-Lauer
15                              Elva Cruz-Lauer, RMR, CRR

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT

CHAMBERED CUSTOM FIREARMS-000280

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Chambered Group USA LLC, | ) | No.  CV-23-01850-PHX-SPL |
| Petitioner, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Kristina Babcock, | ) ) | |
| Respondent. | ) ) ) | |

Before the Court is Petitioner's Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (Doc. 2). On September 5, 2023, the Court denied the Motion for TRO. (Doc. 8). For the following reasons, the Court also denies the Motion for Preliminary Injunction.

**I.    BACKGROUND**

Petitioner Chambered Group USA, LLC ("Chambered Group") has continuously held a type 07 (Dealer in Firearms Other Than Destructive Devises) federal firearms license ("FFL") since 2014. (Doc. 2 at 2). As of August 2018, John Lamontagne and Jay Fern were the only owners and responsible persons on Chambered Group LLC's FFL. (Doc. 1 at 2, ¶¶ 7–10).

The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") conducted four compliance inspections at Chambered Group. (Doc. 1 at 2–3, ¶¶ 11–15). The initial compliance inspection in 2018 resulted in a report of eight cited violations, (Sept. 19, 2023 Preliminary Injunction Hearing Exhibit ("Ex.") 116), and the matter was closed without

1    any further administrative action (Doc. 1 at 2, ¶ 11). In 2019, the second compliance

2    inspection resulted in a report of ten cited violations and was closed with a warning

3    conference between Mr. Fern and an ATF Area Supervisor. (Doc. 1 at 3, ¶ 12; Ex. 118).

4    And in 2021, the compliance inspection resulted in a report of four cited violations and was

5    once again closed without any further administrative action. (Doc. 1 at 3, ¶ 13; Ex. 122).

6        The fourth compliance inspection (the "Final Inspection") in 2022, covered a

7    standard one-year period, beginning April 11, 2021. (Doc. 1 at 3, ¶ 15). Petitioner alleges

8    that during this period the coronavirus pandemic caused the demand for firearms to

9    increase significantly. (Doc. 1 at 3, ¶ 16). Moreover, Petitioner alleges that this increase in

10    demand caused it to transfer significantly more firearms than in prior years without any

11    increase in staffing. (Doc. 1 at 3, ¶ 17).

12        On April 25, 2022, the ATF issued Petitioner a report citing nine violations for the

13    Final Inspection. (Doc. 1 at 3, ¶ 19; Ex. 2). On December 14, 2022, Respondent Kristina

14    Babcock, the ATF Director of Industry Operations in the Phoenix Field Division, issued

15    Petitioner a Notice to Revoke or Suspend License and/or Impose a Civil Fine. (Doc. 1 at

16    3, ¶ 20). The notice cited violations related to background checks, acquisition and

17    disposition records, and firearm transactions records. (Ex. 101). In response, Petitioner

18    requested a hearing pursuant to 18 U.S.C. § 923(f)(2) and 27 C.F.R. § 478.74. (Doc. 1 at

19    3, ¶ 21).

20        On April 13, 2023, a revocation hearing was held, and Respondent served as the

21    hearing officer. (Doc. 1 at 7, ¶¶ 41–43). On July 11, 2023, Respondent determined that

22    Petitioner willfully violated the Gun Control Act of 1968 ("GCA"), 18 U.S.C. Chapter 44,

23    and associated regulations, and issued a Final Notice of Denial of Application, Revocation,

24    Suspension, and/or Fine of Firearms License (the "Final Notice of Revocation"). (Doc. 1

25    at 8, ¶¶ 52–53). Petitioner received the Final Notice of Revocation on July 17, 2023, and

26    its FFL revocation was scheduled to take effect on August 1, 2023. (Doc. 1 at 12, ¶ 84).

27        Petitioner requested an extension of the revocation date and Respondent agreed to

28    extend the effective date until October 1, 2023, but with the condition that Petitioner "not

2

manufacture or acquire any firearms for the business after the date of the original revocation (August 01, 2023)." (Doc. 1 at 12, ¶¶ 85–86). Petitioner, through its counsel, advised Respondent of its intention to file a petition for de novo review of the Final Notice of Revocation and requested that the revocation date be postponed until the completion of judicial proceedings. (Doc. 1 at 12, ¶ 87). Respondent denied this request. (Doc. 1 at 12, ¶ 88).

On September 1, 2023, Petitioner filed a Petition for De Novo Review of the Revocation of a Federal Firearms License Pursuant to 18 U.S.C. § 923(f)(3) (Doc. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). In its motion, Petitioner moves to stay the effective date of the revocation of its FFL pending the completion of de novo review. (Doc. 2 at 1). The Court denied the Motion for TRO on notice grounds and set an expedited briefing schedule and hearing on the Motion for Preliminary Injunction. (Doc. 8). The Motion is fully briefed. (Docs. 2, 13, 16).

On September 19, 2023, the Court held an evidentiary hearing at which it heard testimony from Chambered Group's owners, a Chambered Group employee, and Respondent. (Doc. 21). The Court has further reviewed the briefing, the parties' arguments, and the evidence received in the record, and now addresses the Motion for Preliminary Injunction.

## II.    LEGAL STANDARD

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation omitted). A party seeking injunctive relief under Rule 65 of the FRCP must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit observes a "sliding scale" approach that balances these elements "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies*

3

1   *v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, an injunction can issue where there

2   are "'serious questions going to the merits' and a balance of hardships that tips sharply

3   towards the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of

4   irreparable injury and that the injunction is in the public interest." *Id.* at 1135. Still,

5   "[l]ikelihood of success on the merits is the most important *Winter* factor; if a movant fails

6   to meet this threshold inquiry, the court need not consider the other factors in the absence

7   of serious questions going to the merits." *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d

8   848, 856 (9th Cir. 2017) (internal citations and quotation marks omitted).

9   **III.   ANALYSIS**

10      The ATF has authority, "'after notice and opportunity for hearing,' to revoke a FFL

11  if the licensee 'has willfully violated' any provision of the GCA or the regulations

12  promulgated thereunder." *Nat'l Lending Grp., LLC v. Holder*, 365 F. App'x 747, 748 (9th

13  Cir. 2010) (quoting 18 U.S.C. § 923(e)). An aggrieved party seeking to reverse the

14  revocation of its FFL may file a petition with the district court for de novo judicial review.

15  *Id.* On review, the district court will decide whether the ATF was authorized to revoke the

16  FFL, or in other words, whether the aggrieved party "willfully violated" the GCA. *See* 18

17  U.S.C. § 923(f)(3).

18      Petitioner asserts that the ATF did not have authority to revoke its FFL, and moves

19  to stay the effective date of the revocation pending the completion of judicial review. The

20  Court finds that Petitioner willfully violated the GCA, that all of the *Winter* factors favor

21  Respondent, and that the Motion for Preliminary Injunction must therefore be denied.

22      **a.   Likelihood of Success on the Merits**

23      "[A] violation of the Gun Control Act requires a willful violation that is a deliberate,

24  knowing, or reckless violation of its requirements." *Gen. Store, Inc. v. Van Loan*, 560 F.3d

25  920, 924 (9th Cir. 2009) (internal quotation marks and citation omitted). "For purposes of

26  the firearm licensing laws and regulations, a violation is willful if the license holder

27  understands the requirements of the law but knowingly fails to follow those requirements

28  or is indifferent to them." *Nat'l Lending Grp., L.L.C. v. Mukasey*, No. CV 07-0024-PHX-

4

CHAMBERED CUSTOM FIREARMS-000284

1  PGR, 2008 WL 5329888, at *9 (D. Ariz. Dec. 19, 2008); *see Gen. Store, Inc.*, 560 F.3d at

2  924 (defining "indifference" and "reckless disregard" as "[c]onscious *indifference* to the

3  consequences of an act." (alteration in original) (quoting Black's Law Dictionary 506 (8th

4  Ed. 2004)). **Thus, the ATF is authorized to revoke a licensee's FFL if there is evidence of**

5  **willfulness.** *See Nat'l Lending Grp.*, 365 F. App'x at 749.

6          Petitioner claims that the alleged violations set forth in the Final Notice of

7  Revocation were the result of mistake and negligence, not willfulness. (*See* Doc. 2 at 5–

8  12; Doc. 16 at 5). The evidence, however, shows that Petitioner has a history of repeated

9  regulatory violations, which supports a finding that Petitioner willfully violated the GCA.

10 *See Nat'l Lending Grp.*, 365 F. App'x at 749 ("**[A] history of regulatory violations or an**

11 **admission of culpability constitute evidence of willfulness.**"). These repeated violations

12 include the following:

13         -   In 2018, Petitioner had its first compliance inspection and was cited for *eight*

14             GCA violations. (Ex. 116).

15         -   In 2019, Petitioner had its second compliance inspection and was cited for *ten*

16             GCA violations—*six* of which were repeat violations from 2018. (Ex. 118).

17         -    In 2021, Petitioner had its third compliance inspection and was cited for *four*

18             GCA violations—*all* of which were repeat violations from 2018. (Ex. 122).

19         -   In 2022, Petitioner had its fourth compliance inspection and was cited for *nine*

20             GCA violations—*eight* of which were repeat violations from either 2018, 2019,

21             or 2021. (Ex. 2).[1]

22         Petitioner further claims **this case is "strikingly similar" to a** non-binding decision

23 out of the 6th Circuit that enjoined the ATF from revoking an FFL.[2] (Doc. 2 at 3). In

24 *Paducah Shooters Supply, Inc. v. Rogers*, the court determined that the ATF failed to

25 

26 _____
      [1] The 2022 Report of Violations and the initial notice to revoke lists nine violations,
27 but Respondent determined that three of the nine violations listed did not rise to the level
   of willfulness required for revocation. (Doc. 13 at 4 n.3; Ex. 2).

28         [2] *Paducah Shooters Supply, Inc. v. Rogers*, No. 5:23-CV-88-BJB, 2023 WL
   5769364 (W.D. Ky. Aug. 12, 2023).

CHAMBERED CUSTOM FIREARMS-000285

1    identify whether the licensee knew the rules, that the ATF's reasoning for revoking the
2    license was insufficient, and that there was no evidence showing that the licensee did not
3    care whether it violated the GCA. No. 5:23-cv-88-BJB, 2023 WL 5769364, *4, *8 (W.D.
4    Ky. Aug. 12, 2023). Here, however, the record reflects that Petitioner was familiar with the
5    GCA regulations and knew about the violations listed in the reports following each
6    compliance inspection. (*See* Exs. 112, 113, 114, 115, 116, 121). And despite knowing this
7    information, Petitioner repeatedly violated the same regulations over a short four-year
8    period. (*Id.*). *See Paducah Shooters Supply*, 2023 WL 5769364 at *7 (considering the fact
9    that the small number of violations were spread over a *seven*-year period when concluding
10   that the petitioner's violations were not willful). Additionally, the court in *Paducah* held
11   that the ATF failed to give sufficient reasoning for concluding that the violations were
12   willful because the revocation order cited to "the entirety of the administrative record"
13   without any additional details. *Paducah Shooters Supply*, 2023 WL 5769364 at *4. But
14   that is not the case here—the Final Notice of Revocation lists specific explanations to
15   support its basis for willfulness for each violation. (Ex. 1 at 5–6). Thus, the Court disagrees
16   with Petitioner's argument that this case is like *Paducah*.

17         Instead, the Court finds that the record in this case is similar to records in cases
18   where courts have upheld revocation and found that the licensees willfully violated the
19   GCA.[3] Petitioner is an experienced FFL licensee and has held its license for nearly a

20

21         [3] Petitioner provides a case chart that lists cases where courts have upheld revocation
     and found that the licensees willfully violated the GCA. (Doc. 2 at 10-11). Petitioner argues
22   that the cases are "strikingly dissimilar" to this case. The Court disagrees. *See e.g.*
     *McCallister v. United States*, No. 2:11CV00020 ERW, 2012 WL 381247, *4 (E.D. Mo.
23   Feb. 6, 2012) ("Given the undisputed evidence demonstrating [Petitioner]'s awareness of
     the record-keeping requirements and his repeated failure to follow them, the Court
24   concludes that summary judgment in favor of Respondent is appropriate."); *Pinion Enters.,
     Inc. v. Ashcroft*, 371 F. Supp. 2d 1311, 1317 (N.D. Ala. 2005) ("Given Petitioner's long
25   history as a license holder, his repeated failure to comply with regulations and his admitted
     understanding of the rules, the evidence was sufficient for the Attorney General to have
26   concluded that the violations were willful."); *Willingham Sports, Inc. v. Bureau of Alcohol,
     Tobacco, Firearms & Explosives*, 415 F.3d 1274, 1278 (11th Cir. 2005) ("In light of the
27   fact that [Petitioner] was aware of both its obligations under the firearms regulations and
     its previous violations, we conclude that there is no genuine issue of material fact about
28   whether its continued and repeated failure to comply was willful."); *Shawano Gun & Loan,
     LLC v. Hughes*, No. 09-C-150, 2010 WL 3062847, at *6 (E.D. Wis. Aug. 2, 2010), aff'd,

CHAMBERED CUSTOM FIREARMS-000286

1    decade. (Doc. 1 at 2, ¶ 6). Petitioner also signed several documents between 2014 and 2022

2    admitting that it knows the general GCA regulations and that it was responsible for

3    reviewing all of the GCA laws and regulations. (Ex. 112). In 2018, Petitioner's first

4    compliance inspection resulted in six violation citations due to insufficient record-keeping,

5    failing to report firearm sales, and failing to properly complete firearms transactions

6    records. (Ex. 116). The ATF notified Petitioner of these infractions and Petitioner provided

7    corrective actions it would take to comply with the GCA. Petitioner, however, failed to

8    follow its corrective actions plan and was cited for six of the same violations along with

9    four new violations at the second compliance inspection. (Ex. 119). Thus, the ATF

10   scheduled a mandatory warning conference and discussed the violations and proposed

11   corrective actions with Petitioner to prevent these violations from reoccurring. (Doc. 13 at

12   7). The ATF also sent Petitioner a letter explaining that "future violations, repeat or

13   otherwise, could be viewed as willful and may result in the revocation of your license."

14   (Ex. 120). In 2021, following the third compliance inspection, Petitioner was cited for four

15   violations, all of which were repeat violations from either 2018 or 2019. Again, the ATF

16   informed Petitioner of these violations and Petitioner provided another plan for corrective

17   _____

18   650 F.3d 1070 (7th Cir. 2011) ("[Petitioner] clearly knew his legal compliance obligation,
     especially as it related to repeat violations about which he received written warnings. This

19   record supports only one conclusion: [Petitioner] purposefully disregarded or was plainly
     indifferent to the record-keeping requirements."); *Procaccia v. Lambert*, No. 5:05-MC-

20   0083, 2006 WL 2090166, at *4 (N.D. Ohio July 25, 2006), aff'd, 233 F. App'x 554 (6th
     Cir. 2007) ("Petitioner does not dispute that the ATF consistently warned him about the

21   particular record keeping violations, and that he continued to repeat the same violations
     over the course of his two decades in business."); *Athens Pawn Shop Inc. v. Bennett*, 364

22   F. App'x 58, 59–60 (5th Cir. 2010) ("Repeated violation of known legal requirements is
     sufficient to establish willfulness."); *T.T. Salvage Auction Co. Inc. v. Sec'y, U.S. Dep't of*

23   *Treasury*, 859 F. Supp. 977, 980 (E.D.N.C. 1994) (finding that the violations were willful
     because the petitioner admitted to knowing the regulations and had a long history of

24   noncompliance); *Cucchiara v. Sec'y of Treasury*, 652 F.2d 28 (9th Cir. 1981) (upholding
     revocation when petitioner had repeat violations despite knowing the requirements under

25   the GCA and receiving multiple warnings); *Strong v. United States*, 422 F. Supp. 2d 712,
     723 (N.D. Tex. 2006) ("He has persisted in violating the same requirements, even after the

26   ATF pinpointed deficiencies to him, time and time again, through Reports of Violations.
     Such conduct epitomizes a "plain indifference" or disregard to the laws and regulations

27   imposed upon firearms dealers and is a textbook section 923 "willful violation."); *Gen.
     Store, Inc.*, 560 F.3d at 925 ("An initial use of a log in 2001, followed by two years of

28   inaccurate or incomplete records leading up to the 2003 inspection, demonstrates The
     [Petitioner]'s indifference to its legal obligation.").

CHAMBERED CUSTOM FIREARMS-000287

1    actions for preventing these reoccurring violations. In 2022, Petitioner failed once again at

2    taking remedial actions to comply with the GCA, and Petitioner was cited for nine

3    violations, eight of which were repeat violations from either 2018, 2019, or 2021. Soon

4    after, Respondent issued Petitioner a Final Notice of Revocation which stated that

5    Petitioner willfully violated six of the nine cited violations.

6            Respondent's testimony at the Preliminary Injunction hearing further supports that

7    Petitioner's violations were willful. Respondent testified that the ATF's internal software

8    program, which ensures any administrative action is consistent throughout field divisions,

9    recommended revocation because Petitioner's record included multiple repeat violations.

10   She further emphasized that these violations continued from 2018 to 2022 despite clear

11   knowledge of the issues and alleged plans for in-house audits, demonstrating a clear

12   indifference to their legal obligations. Petitioner seeks leniency by claiming that the 2022

13   violations are due to it not being able to handle the unexpected increase in business that

14   inspection year. Respondent testified, however, that because Petitioner used this same

15   excuse in 2021, Petitioner was aware that there were steps it needed to take to comply with

16   the GCA. (Ex. 122 at 1).

17           Considering the record and briefings, and the oral arguments and testimonies at the

18   Preliminary Injunction hearing, it is clear that Petitioner willfully violated the GCA. *See*

19   *Nat'l Lending Grp., L.L.C.*, 2008 WL 5329888, at *10 ("Consequently, because it is clear

20   that Plaintiffs knew the requirements, the number of failures demonstrates that they either

21   decided not to follow the regulatory requirements, or they were indifferent to the

22   requirements. Thus, the evidence establishes willful violations by Plaintiffs."); *see also*

23   *Strong v. United States*, 422 F. Supp. 2d 712, 723 (N.D. Tex. 2006) ("The only reasonable

24   inference that may be drawn is that [Petitioner] is habitually noncompliant."). Therefore,

25   Petitioner is not likely to succeed on the merits.[4]

26   _____

27           [4] To be clear, this factor is a threshold inquiry, therefore, the Court need not consider
     the remaining *Winter* factors. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015)
28   ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of
     success on the merits, we need not consider the remaining three [*Winter* elements.]"

                                                    8

### b. Irreparable Harm

"To show irreparable harm, '[a] plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.'" *Forefront Dermatology S.C. v. Crossman*, 642 F. Supp. 3d 947, 951 (D. Ariz. 2022) (alteration in original) (quoting *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988)). Petitioner argues that it will suffer irreparable harm if its Motion is denied because without the ability to sell firearms its business will cease to exist. (Doc. 2 at 13). But the Final Notice of Revocation provides Petitioner with the option to alleviate this alleged immediate harm by selling or consigning its inventory to another federal firearms licensee. (Doc. 13 at 12). Mr. Lamontagne, Chambered Group's owner, testified that it currently has mostly higher-end firearms that have been in its inventory for years because it is difficult to sell high-end firearms to everyday consumers. He estimated the retail value for these firearms to be anywhere between $3,000 and $5,000 for a single firearm. Petitioner also has firearm accessories that it can sell or consign. The Court finds that this factor likely weighs in favor of Respondent because Petitioner will still be entitled to conduct business, albeit, through a different market.

### c. Balance of Equities/Hardships and Public Interest

"[T]he district court must consider the public interest as a factor in balancing the hardships when the public interest may be affected." *Caribbean Marine Servs. Co.*, 844 F.2d at 674. A licensee's failure to follow the GCA regulations jeopardizes public interest because it poses a danger to society. Moreover, the public faces harm when licensees continuously repeat the same violations despite receiving multiple opportunities to improve. Petitioner argues that its repeated violations should not be considered a public threat because they were due to mere mistake or human error. Respondent's testimony, however, illustrates that inadvertent recordkeeping mistakes may harm the public by impeding law enforcement's ability to trace firearms during crime investigations or

―――――――――――――

(internal quotation marks and citation omitted) (alteration in original)).

9

resulting in a firearm being transferred to a prohibited individual. Furthermore, the Court rejects **Petitioner's argument that the alleged violations do not present a "direct threat to public safety" because the ATF should not have to wait until the** repeat violations cause direct harm to the public. (*See* Ex. 1 at 3) (citing Petitioner for failing to withhold transferring a firearm to an unlicensed person with a delayed background check); (*see* Ex. 119 at 1) (citing Petitioner for failing to complete a background check). As the Court previously addressed, Petitioner has shown that it is indifferent to following the rules under the GCA. Holding a FFL is a privilege and not a right, and with that privilege comes the responsibility to adhere to the GCA rules and regulations. In sum, this factor likely weighs **in Respondent's favor** because Petitioner**'s repeated** disregard to the GCA is a threat to public safety.

## IV.    CONCLUSION

The resolution of this Motion largely turns on the central question of whether Petitioner willfully violated the GCA, a question addressed under the first and most important *Winter* factor. Petitioner is an experienced licensee with knowledge of the GCA. Therefore, it is clear that Petitioner purposefully disregarded the GCA regulations by repeatedly violating the same regulations despite being given multiple opportunities to cure its mistakes. Accordingly, Petitioner has not demonstrated a likelihood of success nor serious questions going to the merits of its petition for de novo review. Petitioner also failed to offer evidence showing a likelihood of irreparable harm, and the balance of equities and the public interest weigh against restraining Respondent from revoking its FFL. Having considered all of the evidence and the arguments of the parties, and having individually considered the *Winter* factors with respect to claim for injunctive relief, the Court finds that Petitioner is not entitled to a preliminary injunction.

///

///

///

///

10

1    **IT IS THEREFORE ORDERED** that Petitioner's Motion for Preliminary

2    Injunction (Doc. 2) is **denied**.

3        Dated this 27th day of September, 2023.

4

5                              Honorable Steven P. Logan

6                              United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License**

In the matter of:

☐ The application for license as a/an _____ , filed by:

or

☑ License Number   9-86-013-07-4A-07852                                              as a/an

Manufacturer in Firearms other than Destructive Devices                        , issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and Zip Code)*

Jason Fern
Chambered Group USA, LLC
15605 West Roosevelt Street
Suite 113
Goodyear, AZ 85338

Notice is Hereby Given That:

☐ A request for hearing pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5) was not timely filed. Based on the findings set forth in the attached document, your

   ☐ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

      ☐ 15 calendar days after receipt of this notice, or   ☐ _____ ,

   ☐ license is suspended for _____ calendar days, effective _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

   ☐ licensee is fined $ _____ , payment due: _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

☑ After due consideration following a hearing held pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5), and on the basis of findings set out in the attached copy of the findings and conclusions, the Director or his/her designee concludes that your

   ☐ application for license described above is denied, pursuant to 18 U.S.C., 923(d).

   ☐ application for renewal of license described above is denied pursuant to 18 U.S.C. 923(d), effective:

      ☐ 15 calendar days after receipt of this notice, or   ☐ _____ ,

   ☑ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

      ☑ 15 calendar days after receipt of this notice, or   ☐ _____ ,

   ☐ license is suspended for _____ calendar days, effective _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

   ☐ licensee is fined $ _____ , payment due: _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p)

If, after the hearing and receipt of these findings, you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant 18 U.S.C. § 923(f)(3), for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business If you intend to continue operations after the effective date of this action while you pursue filing for judicial review or otherwise, you must request a stay of the action from the Director of Industry Operations (DIO), Bureau of Alcohol, Tobacco, Firearms and Explosives, at 40 North Central Avenue, Suite 1000, Phoenix, AZ 85004 _____ ,

prior to the effective date of the action set forth above. You may not continue licensed operations unless and until a stay is granted by the DIO.

Records prescribed under 27 CFR Part 478 for the license described above shall either be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be delivered to reflect delivery to a successor. See 18 U.S.C. 923(g)(4) and 27 CFR § 478 127

After the effective date of a license denial of renewal, revocation, or suspension, you may not lawfully engage in the business of dealing in firearms. Any disposition of your firearms business inventory must comply with all applicable laws and regulations. Your local ATF office is able to assist you in understanding and implementing the options available to lawfully dispose of your firearms business inventory.

ATF Form 5300 13
Revised September 2014

CHAMBERED CUSTOM FIREARMS-000048

| Date | Name and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official | Signature |
|------|------|------|
| 07/11/2023 | Kris Babcock, Director, Industry Operations | KRISTINA BABCOCK  Digitally signed by KRISTINA BABCOCK  Date: 2023.07.11 12.00.43 -07'00' |

I certify that, on the date below, I served the above notice on the person identified below by:

☑ Certified mail to the address shown below.    **Or**    ☐ Delivering a copy of the notice to
Tracking Number: 70210350000079958091                   the address shown below.

| Date Notice Served | Title of Person Serving Notice | Signature of Person Serving Notice |
|------|------|------|
| 07/11/2023 | Executive Assistant | ROBIN ZIER  Digitally signed by ROBIN ZIER  Date: 2023.07.11 12.03.53 -07'00' |

| Print Name and Title of Person Served | Signature of Person Served |
|------|------|
| Jason Fern, Responsible Person | |

Address Where Notice Served
15605 West Roosevelt Street, Goodyear, AZ  85338

Note:  Previous Edition is Obsolete

ATF Form 5300.13
Revised September 2014

CHAMBERED CUSTOM FIREARMS-000049

Chambered Group USA LLC                                   ATF Form 5300.13
9-86-013-07-4A-07852                                              Page 2

**Background**

Chambered Group USA LLC ("Licensee"), a Manufacturer in Firearms other than Destructive Devices, holds Federal firearms license 9-86-013-07-4A-07852, issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") pursuant to the Gun Control Act of 1968, as amended, 18 U.S.C. Chapter 44, and the regulations issued thereunder, 27 C.F.R. Part 478 (collectively "GCA").

On December 14, 2022, ATF issued a Notice to Revoke or Suspend License and/or Impose a Civil Fine, ATF Form 4500 (5300.4) ("Notice to Revoke") advising Licensee that ATF intended to revoke its License. Licensee timely requested a hearing to review that Notice.

The hearing occurred on April 13, 2023, at ATF's Phoenix Field Division office. The hearing was conducted by ATF Director, Industry Operations ("DIO"), Kristina Babcock. Division Counsel Michael Lee represented ATF and the sole ATF witness was Industry Operations Investigator (IOI) Terri Gazda. Licensee Responsible Person ("RP") Jason Fern appeared for the Licensee and was represented by personal representative John Clark at the hearing. Court reporter Shannon Stevenson attended and transcribed the hearing. ATF Senior Counsel Brian Larson was also present as an observer. The Government and Licensee offered testimony and exhibits. The testimony and exhibits introduced at the hearing and entered into the record constitute the record in this proceeding.

**Findings of Fact**

Having reviewed the record in this proceeding, I make the following findings:

1.  ATF first issued a Federal firearms license to Licensee in 2014. The laws and regulations issued under the GCA were reviewed with Licensee RP's Jason Fern and Cole Kelly as part of the application inspection as evidenced by their signatures on an Acknowledgment of Federal Firearms Regulations ("Acknowledgment").

2.  ATF previously conducted compliance inspections of Licensee in 2018, 2019, and 2021.

    a.  As a result of the 2018 inspection, ATF issued a Report of Violations to Licensee citing several violations, which included the following violations related to the execution of the Firearms Transaction Record, ATF Form 4473: failure to obtain a completed Form; failure to complete the Form as prescribed; failure to verify or record identification document on the Form, failure to record NICS contact information on the Form; and failure to record NICS alternative permit information on the Form. ATF further explained each violation cited during the inspection and discussed with Licensee proposed actions to correct.

    b.  As a result of the 2019 inspection, ATF issued a Report of Violations to Licensee citing several violations, which included the following violations related to the

CHAMBERED CUSTOM FIREARMS-000050

Chambered Group USA LLC
9-86-013-07-4A-07852

ATF Form 5300.13
Page 3

execution of the Firearms Transaction Record, ATF Form 4473: failure to obtain a completed Form, failure to complete the Form as prescribed, failure to verify or record identification document on the Form, failure to record NICS contact information on the Form, and failure by the Transferor to sign and/or date the Form. ATF further explained each violation cited during the inspection and discussed with Licensee proposed actions to correct. Additionally, a Warning Conference was conducted on January 31, 2020, because of that inspection. In attendance was Licensee RP Jason Fern, ATF Area Supervisor Matt Shear, and IOI Rebecca Sinclair. During this conference, the violations cited during that inspection were discussed, along with the corrective action to prevent the violations from reoccurring. Following the conference, ATF sent a follow-up letter to Licensee stating, "future violations, repeat or otherwise, could be viewed as willful and may result in the revocation of your license."

c. As a result of the 2021 inspection, ATF issued a Report of Violations to Licensee citing several violations, which included the following related to the execution of the Firearms Transaction Record, ATF Form 4473: failure to obtain a completed Form; failure to complete the Form as prescribed; and failure to verify or record identification document on the Form. ATF further explained each violation cited during the inspection and discussed with Licensee proposed actions to correct.

d. After each of these inspections, ATF also reviewed the relevant laws and regulations with Licensee RP Jason Fern, as evidenced by his signatures on the Acknowledgment forms. The Reports of Violations, Acknowledgments, and Warning Conference follow-up letter were entered into evidence at the hearing.

3. Beginning on April 11, 2022, ATF IOI Tara Crubaugh conducted a compliance inspection of Licensee's premises that covered the period from April 11, 2021, to April 11, 2022. The violations cited in the Notice to Revoke were found during this inspection. The Notice to Revoke alleged Licensee willfully:

a. Transferred a firearm to an unlicensed person after contacting the National Instant Criminal Background Check System ("NICS") but failing to wait three days after receiving a delay response from NICS, in violation of 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102.

b. Failed to timely and/or accurately record the disposition of four firearms, in violation of 18 U.S.C. § 923(g)(1)(A) and then 27 C.F.R. § 478.123(d).[1]

c. Failed to timely and/or accurately record the acquisition of eight firearms, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123(a).

[1] Effective August 24, 2022, the regulation setting forth the requirements for recording the disposition of firearms by a licensed manufacturer to non-licensees is now contained in 27 C.F.R. § 478.123(b).

CHAMBERED CUSTOM FIREARMS-000051

Chambered Group USA LLC                                                    ATF Form 5300.13
9-86-013-07-4A-07852                                                                    Page 4

d.  Failed to obtain a complete and/or accurate Firearms Transaction Record, ATF Form 4473, from the transferee prior to making an over-the-counter transfer of a firearm to a non-licensee in twenty-six instances on seventeen forms, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(1).

e.  Failed to obtain/execute a Firearms Transaction Record, ATF Form 4473, as indicated by the headings on the form and the instructions on or pertaining to the form in sixteen instances on eleven forms, in violation of 18 U.S.C. § 922(m) and 27 C.F.R. § 478.21(a).

f.  Transferred a firearm to a non-licensee without verifying the identity of the transferee by examining the identification document presented and noting the type on a Firearms Transaction Record, ATF Form 4473 in two instances, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(3)(i).

g.  Transferred a firearm to a non-licensee without recording information related to contacting and/or the response of the National Instant Criminal Background Check System ("NICS") on the Firearms Transaction Record, ATF Form 4473 in four instances, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(3)(iv).

h.  Failed to record NICS alternative permit information on the Form 4473 in one instance, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.131(a)(2).

i.  Failed to sign and/or date the Firearms Transaction Record, ATF Form 4473 certifying that Licensee does not know or have reason to believe the transferee is disqualified by law from receiving the firearm described on the Form in five instances on three forms, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(5).

4.  After review of the record in this matter, I find that the facts as set forth in the Notice to Revoke occurred.

**Conclusions of Law**

1.  Pursuant to the GCA, ATF may, after notice and opportunity for hearing, revoke a Federal firearms license if the licensee has willfully violated any provision of the GCA or the regulations issued thereunder. 18 U.S.C. § 923(e); 27 C.F.R. § 478.73.

2.  For purposes of the regulatory provisions of the GCA, a "willful" violation is committed when the licensee knows of its legal obligations and purposefully disregarded or was plainly indifferent to those requirements. *General Store, Inc. v. Van Loan,* 560 F.3d 920, 923 (9th Cir. 2009); *CEW Properties v. DOJ,* 979 F.3d 1271 (10th Cir. 2020); *Taylor v. Hughes,* 548 F. App'x 822 (3rd Cir. 2015); *Fairmont Cash Mgmt., LLC v. James,* 858 F.3d 356 (5th Cir. 2017); *Borchardt Rifle Corp. v. Cook,* 684 F.3d 1037, 1043 (10th Cir. 2012);

Chambered Group USA LLC                                           ATF Form 5300.13
9-86-013-07-4A-07852                                                        Page 5

Shawano Gun & Loan v. Hughes, 650 F.3d 1070 (7th Cir. 2011); American Arms, Int'l v.
Herbert, 563 F.3d 78 (4th Cir. 2009); Armalite, Inc. v. Lambert, 544 F.3d 644 (6th Cir.
2008); On Target Sporting Goods, Inc. v. Attorney General, 472 F.3d 572 (8th Cir. 2007);
Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, Firearms and Explosives, 415 F.3d
1274, 1276 (11th Cir. 2005). See also Bryan v. United States, 524 U.S. 184, 197-98 (1998).

3.  No "bad purpose or evil motive" is required for an act to be willful for regulatory purposes.
    Article II Gun Shop, Inc. v. Gonzales, 441 F.3d 492, 497-98 (7th Cir. 2006); Willingham,
    415 F.3d at 1276-77; Appalachian Res. Dev. Corp. v. McCabe, 387 F.3d 461, 464-65 (6th
    Cir. 2004); moreover, "[a] single violation of the GCA is a sufficient basis for denying an
    application or revoking a firearms dealer's license." Appalachian, 387 F.3d at 464;
    Fulkerson v. Lynch, 261 F. Supp. 3d 779, 783 (W.D. Ky. 2017); Augustson v. Holder, 728
    F. Supp. 2d 1279, 1286 (D. N.M. 2010).

4.  A business entity's federal firearms license may be revoked because of willful violations
    by the business entity's agents and employees. See Fin & Feather Sport Shop, Inc. v.
    United States Treasury Dep't, 481 F. Supp. 800, 807 (D. Neb. 1979); McLemore v. United
    States Treasury Dep't, 317 F. Supp. 1077, 1078-79 (N.D. Fla. 1970). See also, Al's Loan
    Office, Inc. v. United States Dep't of Treasury, 738 F. Supp. 221, 224 (E.D. Mich. 1990).

5.  Having established that Licensee violated the GCA and the regulations issued thereunder,
    it must be determined whether such violations were willfully committed. For the reasons
    stated herein, I conclude that Licensee's conduct constitutes willful violations.

6.  Evidence introduced during the hearing revealed that Licensee understood its
    responsibilities under the GCA. Despite this fact, the evidence reveals that Licensee was
    plainly indifferent to, or purposefully disregarded the firearms laws and regulations.

7.  With regards to Section 478.102, Licensee RP Fern did not deny that Licensee failed to
    wait three days to transfer a firearm to a nonlicensee after receiving a delay response from
    NICS. Rather, RP Fern indicated the employee who conducted this transaction was taking
    prescribed medication and at times was not prescribed correct amounts. RP Fern also stated
    that the employee had issues dealing with pain, all of which may have correlated with this
    violation. RP Fern indicated the employee was terminated approximately two weeks prior
    to the revocation hearing. Significantly, the Report of Violations was reviewed with
    Licensee April 25, 2022, and the initial Notice to Revoke was sent December 14, 2022.
    The corrective action to address the violation did not occur until shortly before the April
    2023 hearing. I find no convincing explanation from Licensee as to why the violation was
    not willful as the Licensee was aware of the employee had medical and medication issues
    that likely contributed to the violation.

8.  With regards to Licensee's failure to comply with Sections 478.123(b) and 478.123(a),
    License RP Fern indicated his belief that on at least one occasion, the disposition violation
    occurred where a potential transferee received a NICS denial and Licensee failed to update
    their electronic records system to indicate the firearm was not transferred, but another

CHAMBERED CUSTOM FIREARMS-000053

Chambered Group USA LLC                                                          ATF Form 5300.13
9-86-013-07-4A-07852                                                                    Page 6

failure to record occurred when Licensee actually transferred the firearm in question. As for the acquisition violations, RP Fern stated that "during that time period we were having massive firearms that were coming in, typically, they are stacked right in front of the book and we are scanning each one, and sometimes we just miss the next one as we're going on down. We've had that. Sometimes we do catch that in our errors, but we missed it." Licensee also stated that their electronic records system will sometimes record a firearm's UPC code (Universal Product Number) instead of the serial number and that "It depends on how finicky the system is going to be that day." Significantly, the record reveals that Licensee was aware that their acquisition and disposition process and electronic records system had several difficulties correctly recording acquisitions and dispositions, and these are repeat violations from prior inspections. I find no convincing explanation from Licensee as to why these violations were not willful as they were aware of process and recordation issues and failed to implement additional measures to prevent these violations from occurring.

9. With regards to Licensee's violations of Sections 478.124(c)(1), 478.21(a) and 478.124(c)(3)(iv), License's compliance history showed repeat violations of these regulations regarding the completion of ATF Forms 4473. The repeated violations and the relevant laws and regulations pertaining to these violations have previously been discussed with Licensee. Licensee on multiple occasions indicated it would implement secondary reviews of the forms to prevent such violations but has failed to do so.

10. As noted above, Licensee was subject to a qualification inspection in 2014, and compliance inspections in 2018, 2019, and 2021. At the conclusion of these inspections, ATF reviewed the Federal firearms laws and regulations with Licensee representative, as demonstrated by the signed Acknowledgements. Licensee was aware of their duty under the GCA and the regulations issued thereunder.

11. As detailed in Licensee's Responses to Report of Violations, in 2018 Licensee indicated they would implement a secondary review of their acquisition and disposition record and ATF Forms 4473. In 2019 Licensee indicated it would perform another "in house" audit of their forms and records and provide training to their employees to prevent errors. Additionally, at the 2019 Warning Conference, Licensee stated that a second check of each Form 4473 would be done. In response to the violations cited in 2021, Licensee similarly indicated it would conduct a second review but that there was increased foot traffic in the store. Licensee has repeatedly indicated it would undertake additional compliance efforts however those efforts do not appear to have been instituted or been effective. Licensee's multiple repeat violations show it is plainly indifferent to the GCA and related regulations.

12. At the hearing, RP Fern indicated Licensee has implemented additional procedures, such as a compliance auditor. However, based on the history of the licensee when cited for the same violations, Licensee continued to establish a pattern of repeat violations therefore I find it unlikely the licensee will come into compliance in the future. Post-notice compliance is immaterial to the determination of willfulness at the time the violation occurred. *Cucchiara v. Secretary of Treasury*, 652 F.2d 28, 30 (9th Cir. 1981), *Thurmond*

CHAMBERED CUSTOM FIREARMS-000054

Chambered Group USA LLC                                          ATF Form 5300.13
9-86-013-07-4A-07852                                                    Page 7

*v. U.S. Department of Justice*, No. 4:13-CV-2290 CEJ, 2014 WL 5320487, (E.D. Mo. Oct. 17, 2014).

13. In contrast, with regards to the violations contained in the Notice to Revoke regarding sections 478.124(c)(3)(i), 478.131(a)(2), and 478.124(c)(5), I conclude that while those violations occurred, they do not rise to the level of willfulness required for revocation under the GCA.

14. As such, I conclude that Licensee willfully violated Sections 478.102, 478.123(b), 478.123(a), 478.124(c)(1), 478.21(a), and 478.124(c)(3)(iv). Accordingly, as provided by 18 U.S.C. § 923(e) and 27 C.F.R. § 478.73, the Federal firearms license held by Chambered Group USA LLC is hereby REVOKED.

Dated this 11th day of July, 2023.

KRISTINA BABCOCK
Digitally signed by KRISTINA BABCOCK
Date: 2023.07.11 11:31:48 -07'00'

KRISTINA BABCOCK
Director, Industry Operations
Phoenix Field Division
Bureau of Alcohol, Tobacco, Firearms and Explosives
United States Department of Justice



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

*Washington DC*

www atf gov

# IMPORTANT NOTICE

### Selling Firearms AFTER Revocation, Expiration, or Surrender of an FFL

Former Federal Firearms licensees (FFLs) who continue to sell firearms after the revocation, expiration, or surrender of their license are subject to the same rules as persons who have never been licensed in determining whether they are "engaged in the business" of selling firearms without a license in violation of 18 U.S.C. § 922(a)(l)(A).  Accordingly, former licensees who wish to dispose of any remaining business inventory must adhere to the following guidance:

Business inventory must be disposed of by the former FFL in a manner that, objectively, does not constitute being engaged in the business of dealing in firearms using the same facts and circumstances test that would apply to persons who have never been licensed.

The preferred manner of disposition is for the former licensee to:

- Arrange for another FFL to purchase the business inventory (and other assets) of the business; or

- Consign the inventory to another FFL to sell on consignment, or at auction.

Should a former FFL decide against those options, he/she should be aware that future sales - whether from his/her personal firearms collection or otherwise   will be evaluated for a potential violation of 18 U.S.C. § 922(a)(l)(A), just as would occur with a person who had never been licensed.

If a former FFL is disposing of business inventory, the fact that no purchases are made after the date of license revocation, expiration, or surrender does not immunize him/her from potential violations of 18 U.S.C. § 922(a)(l)(A). Instead, business inventory acquired through repetitive purchases while licensed are attributed to the former FFL when evaluating whether subsequent sales constitute engaging in the business of dealing in firearms without a license.

ATF remains committed to assisting former licensees in complying with Federal firearms laws. If you have questions, please contact your local ATF office.

CURTIS
GILBERT

Digitally signed by
CURTIS GILBERT
Date: 2022.04.04
16:12:22 -04'00'

Curtis Gilbert
**Deputy Assistant Director (Industry Operations)**
**Field Operations**

CHAMBERED CUSTOM FIREARMS-000056





**CHAMBERED CUSTOM FIREARMS-000057**

OMB No. 1140-0020

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Firearms Transaction Record

| | Transferor's/Seller's Transaction Serial Number *(If any)* |
|---|---|

**WARNING:** You may not receive a firearm if prohibited by Federal or State law. The information you provide will be used to determine whether you are prohibited from receiving a firearm. Certain violations of the Gun Control Act, 18 U.S.C. 921 et. seq., are punishable by up to 10 years imprisonment and/or up to a $250,000 fine.

**Read the Notices, Instructions, and Definitions on this form.** Prepare in original only at the licensed premises (*"licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located*) unless the transaction qualifies under 18 U.S.C. 922(c). All entries must be handwritten in ink. **"PLEASE PRINT."**

### Section A - Must Be Completed Personally By Transferee/Buyer

1. Transferee's/Buyer's Full Name *(If legal name contains an initial only, record "IO" after the initial. If no middle initial or name, record "NMN".)*

| Last Name *(Including suffix (e.g., Jr, Sr, II, III))* | First Name | Middle Name |
|---|---|---|
| JUDELSOHN | | |

2. Current State of Residence and Address **(U.S. Postal abbreviations are acceptable. Cannot be a post office box.)**

| Number and Street Address | County LA COUNTY / MARICOPA COUNTY | State AZ | ZIP Code |
|---|---|---|---|

| 3. Place of Birth | 4. Height | 5. Weight *(Lbs.)* | 6. Sex | 7. Birth Date | | |
|---|---|---|---|---|---|---|
| U.S. City and State -OR- Foreign Country | Ft. In. | 160 | ☒ Male ☐ Female | Month | Day | Year 1990 |

8. Social Security Number *(Optional, but will help prevent misidentification)*

9. Unique Personal Identification Number *(UPIN)* if applicable *(See Instructions for Question 9.)*

10.a. Ethnicity | 10.b. Race *(In addition to ethnicity, select one or more race in 10.b. Both 10.a. and 10.b. must be answered.)*

| ☐ Hispanic or Latino | ☐ American Indian or Alaska Native | ☐ Black or African American | ☒ White |
|---|---|---|---|
| ☒ Not Hispanic or Latino | ☐ Asian | ☐ Native Hawaiian or Other Pacific Islander | |

11. Answer the following questions by checking or marking *"yes"* or *"no"* in the boxes to the right of the questions.

| | | Yes | No |
|---|---|---|---|
| a. | Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.** *Exception: If you are picking up a repaired firearm(s) for another person, you are not required to answer 11.a. and may proceed to question 11.b. (See Instructions for Question 11.a.)* | ☒ | ☐ |
| b. | Are you under indictment or information in any court for a **felony**, or any other crime for which the judge could imprison you for more than one year? *(See Instructions for Question 11.b.)* | ☐ | ☒ |
| c. | Have you ever been convicted in any court of a **felony**, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation? *(See Instructions for Question 11.c.)* | ☐ | ☒ |
| d. | Are you a fugitive from justice? *(See Instructions for Question 11.d.)* | ☐ | ☒ |
| e. | Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? **Warning: The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside.** | ☐ | ☒ |
| f. | Have you ever been adjudicated as a mental defective **OR** have you ever been committed to a mental institution? *(See Instructions for Question 11.f.)* | ☐ | ☒ |
| g. | Have you been discharged from the Armed Forces under **dishonorable** conditions? | ☐ | ☒ |
| h. | Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner? *(See Instructions for Question 11.h.)* | ☐ | ☒ |
| i. | Have you ever been **convicted** in any court of a misdemeanor crime of domestic violence? *(See Instructions for Question 11.i.)* | ☐ | ☒ |

12.a. Country of Citizenship: *(Check/List more than one, if applicable. Nationals of the United States may check U.S.A.)*

☒ United States of America *(U.S.A)*    ☐ Other Country/Countries *(Specify)*:

| | | Yes | No |
|---|---|---|---|
| 12.b. | Have you ever renounced your United States citizenship? | ☐ | ☒ |
| 12.c. | Are you an alien **illegally** or **unlawfully** in the United States? | ☐ | ☒ |
| 12.d.1. | Are you an alien who has been admitted to the United States under a nonimmigrant visa? *(See Instructions for Question 12.d.)* | ☐ | ☒ |
| 12.d.2. | If "yes", do you fall within any of the exceptions stated in the instructions? | ☒ N/A | ☐ ☐ |

13. If you are an alien, record your U.S.-Issued Alien or Admission number *(AR#, USCIS#, or I94#)*:

| Previous Editions Are Obsolete | Transferee/Buyer Continue to Next Page | ATF Form 4473 (5300.9) |
|---|---|---|
| Page 1 of 6 | **STAPLE IF PAGES BECOME SEPARATED** | Revised October 2016 |

CHAMBERED CUSTOM FIREARMS-000292

I certify that my answers in Section A are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 11.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 11.b. through 11.i and/or 12.b. through 12.c. is prohibited from purchasing or receiving a firearm. I understand that a person who answers "yes" to question 12.d.1. is prohibited from receiving or possessing a firearm, unless the person answers "yes" to question 12.d.2. and provides the documentation required in 18.c. I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law. *(See Instructions for Question 14.)*

| 14. Transferee's/Buyer's Signature | 15. Certification Date |
|---|---|

**Section B - Must Be Completed By Transferor/Seller**

| 16. Type of firearm(s) to be transferred *(check or mark all that apply)*: | 17. If transfer is at a qualifying gun show or event: |
|---|---|
| ☐ Handgun  ☐ Long Gun *(rifles or shotguns)*  ☑ Other Firearm *(frame, receiver, etc. See Instructions for Question 16.)* | Name of Function: _____ <br> City, State: _____ |

18.a. Identification *(e.g., Virginia Driver's license (VA DL) or other valid government-issued photo identification.)* *(See Instructions for Question 18.a.)*

| Issuing Authority and Type of Identification | Number on Identification | Expiration Date of Identification *(if any)* |  |  |
|---|---|---|---|---|
|  |  | Month | Day | Year |

18.b. Supplemental Government Issued Documentation *(if identification document does not show current residence address)* *(See Instructions for Question 18.b.)*   MILITARY ORDERS

18.c. Exception to the Nonimmigrant Alien Prohibition: If the transferee/buyer answered "YES" to 12.d.2. the transferor/seller must record the type of documentation showing the exception to the prohibition and attach a copy to this ATF Form 4473. *(See Instructions for Question 18.c.)*

**Questions 19, 20, or 21 Must Be Completed Prior To The Transfer Of The Firearm(s)** *(See Instructions for Questions 19, 20 and 21.)*

| 19.a. Date the transferee's/buyer's identifying information in Section A was transmitted to NICS or the appropriate State agency: | 19.b. The NICS or State transaction number *(if provided)* was: |
|---|---|
| Month 3   Day 5   Year 2019 | ██████████ |

| 19.c. The response initially (first) provided by NICS or the appropriate State agency was: | 19.d. The following response(s) was/were later received from NICS or the appropriate State agency: |
|---|---|
| ☑ Proceed  ☐ Delayed <br> ☐ Denied  *[The firearm(s) may be transferred on* <br> ☐ Cancelled  *_____ if State law permits (optional)]* | ☐ Proceed _____ *(date)*  ☐ Overturned <br> ☐ Denied _____ *(date)* <br> ☐ Cancelled _____ *(date)* <br> ☐ No response was provided within 3 business days. |

| 19.e. *(Complete if applicable.)* After the firearm was transferred, the following response was received from NICS or the appropriate State agency on: _____ *(date).*  ☐ Proceed  ☐ Denied  ☐ Cancelled |
|---|

| 19.f. The name and Brady identification number of the NICS examiner. *(Optional)* <br> _____ *(name)*  _____ *(number)* | 19.g. Name of FFL Employee Completing NICS check. *(Optional)* |
|---|---|

| 20. | ☐ No NICS check was required because a background check was completed during the NFA approval process on the individual who will receive the NFA firearm(s), as reflected on the approved NFA application. *(See Instructions for Question 20.)* |
|---|---|

| 21. | ☐ No NICS check was required because the transferee/buyer has a valid permit from the State where the transfer is to take place, which qualifies as an exemption to NICS. *(See Instructions for Question 21.)* |
|---|---|

| Issuing State and Permit Type | Date of Issuance *(if any)* | Expiration Date *(if any)* | Permit Number *(if any)* |
|---|---|---|---|

**Section C - Must Be Completed Personally By Transferee/Buyer**

If the transfer of the firearm(s) takes place on a different day from the date that the transferee/buyer signed Section A, the transferee/buyer must complete Section C immediately prior to the transfer of the firearm(s). *(See Instructions for Question 22 and 23.)*

I certify that my answers to the questions in Section A of this form are still true, correct, and complete.

| 22. Transferee's/Buyer's Signature | 23. Recertification Date |
|---|---|

**Transferor/Seller Continue to Next Page**
**STAPLE IF PAGES BECOME SEPARATED**

Page 2 of 6

ATF Form 4473 (5300.9)
Revised October 2016

CHAMBERED CUSTOM FIREARMS-000293

Section D - Must Be Completed By Transferor /Seller Even If The Firearm(s) is Not Transferred

| 24. Manufacturer and Importer (If any) (If the manufacturer and importer are different, the FFL must include both.) | 25. Model (If Designated) | 26. Serial Number | 27. Type (See Instructions for Question 27.) | 28. Caliber or Gauge |
|---|---|---|---|---|
| 1. Acro Precision | ▉ | ▉ | reciever | Multi |
| 2. Acro Precision | ▉ | ▉ | reciever | Multi |
| 3. | | | | |
| 4. | | | | |

REMINDER - By the Close of Business Complete ATF Form 3310.4 For Multiple Purchases of Handguns Within 5 Consecutive Business Days

29. Total Number of Firearms Transferred (Please handwrite by printing e.g., zero, one, two, three, etc. Do not use numerals.)   two

30. Check if any part of this transaction is a pawn redemption.
☐ Line Number(s) From Question 24 Above:

31. For Use by Licensee (See Instructions for Question 31.)

32. Check if this transaction is to facilitate a private party transfer. (See Instructions for Question 32.)

33. Trade/corporate name and address of transferor/seller and Federal Firearm License Number (Must contain at least first three and last five digits of FFL Number X-XX-XXXXX.) (Hand stamp may be used.)

CG USA
15605 W ROOSEVELT ST.
STE: 113
GOODYEAR, AZ 85338

9-86-07852

The Person Transferring The Firearm(s) Must Complete Questions 34-37.
For Denied/Cancelled Transactions, the Person Who Completed Section B Must Complete Questions 34-36.

I certify that: (1) I have read and understand the Notices, Instructions, and Definitions on this ATF Form 4473; (2) the information recorded in Sections B and D is true, correct, and complete; and (3) this entire transaction record has been completed at my licensed business premises ("licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located) unless this transaction has met the requirements of 18 U.S.C. 922(c). Unless this transaction has been denied or cancelled, I further certify on the basis of — (1) the transferee's/buyer's responses in Section A (and Section C, if applicable); (2) my verification of the identification document (and my re-verification at the time of transfer, if Section C was completed); and (3) State or local law applicable to the firearms business — it is my belief that it is not unlawful for me to sell, deliver, transport, or otherwise dispose of the firearm(s) listed on this form to the person identified in Section A.

| 34. Transferor's/Seller's Name (Please print) | 35. Transferor's/Seller's Signature | 36. Transferor's/Seller's Title | 37. Date Transferred |
|---|---|---|---|
| John Lamontagne | | Owner | 3/5/19 |

**NOTICES, INSTRUCTIONS, AND DEFINITIONS**

**Purpose of the Form:** The information and certification on this form are designed so that a person licensed under 18 U.S.C. 923 may determine if he/she may lawfully sell or deliver a firearm to the person identified in Section A, and to alert the transferee/buyer of certain restrictions on the receipt and possession of firearms. The transferor/seller of a firearm must determine the lawfulness of the transaction and maintain proper records of the transaction. Consequently, the transferor/seller must be familiar with the provisions of 18 U.S.C. 921-931 and the regulations in 27 CFR Parts 478 and 479. In determining the lawfulness of the sale or delivery of a rifle or shotgun to a resident of another State, the transferor/seller is presumed to know the applicable State laws and published ordinances in both the transferor's/seller's State and the transferee's/buyer's State. (See ATF Publication 5300.5, State Laws and Published Ordinances.)

Generally, ATF Form 4473 must be completed at the licensed business premises when a firearm is transferred over-the-counter. Federal law, 18 U.S.C. 922(c), allows a licensed importer, manufacturer, or dealer to sell a firearm to a nonlicensee who does not appear in person at the licensee's business premises only if the transferor/buyer meets certain requirements. These requirements are set forth in section 922(c), 27 CFR 478.96(b), and ATF Procedure 2013-2.

After the transferor/seller has completed the firearms transaction, he/she must make the completed, original ATF Form 4473 (which includes the Notices, General Instructions, and Definitions), and any supporting documents, part of his/her permanent records. Such Forms 4473 must be retained for at least 20 years and after that period may be submitted to ATF. Filing may be chronological (by date of disposition), alphabetical (by name of purchaser), or numerical (by transaction serial number), as long as all of the transferor's/seller's completed Forms 4473 are filed in the same manner.

FORMS 4473 FOR DENIED/CANCELLED TRANSFERS MUST BE RETAINED: If the transfer of a firearm is denied/cancelled by NICS, or if for any other reason the transfer is not completed after a NICS check is initiated, the licensee must retain the ATF Form 4473 in his/her records for at least 5 years. Forms 4473 with respect to which a sale, delivery, or transfer did not take place shall be separately retained in alphabetical (by name of transferee) or chronological (by date of transferee's certification) order.

If the transferor/seller or the transferee/buyer discovers that an ATF Form 4473 is incomplete or improperly completed after the firearm has been transferred, and the transferor/seller or the transferee/buyer wishes to correct the omission(s) or error(s), photocopy the inaccurate form and make any necessary additions or revisions to the photocopy. The transferor/seller should only make changes to Sections B and D. The transferee/buyer should only make changes to Section A and C. Whoever made the changes should initial and date the changes. The corrected photocopy should be attached to the original Form 4473 and retained as part of the transferor's/seller's permanent records.

**Exportation of Firearms:** The State or Commerce Departments may require a firearms exporter to obtain a license prior to export. Warning: Any person who exports a firearm without proper authorization may be fined not more than $1,000,000 and/or imprisoned for not more than 20 years. See 22 U.S.C. 2778(c).

**Section A**

The transferee/buyer must personally complete Section A of this form and certify (sign) that the answers are true, correct, and complete. However, if the transferee/buyer is unable to read and/or write, the answers (other than the signature) may be completed by another person, excluding the transferor/seller. Two persons (other than the transferor/seller) must then sign as witnesses to the transferee's/buyer's answers and signature/certification in question 14.

Page 3 of 6

ATF Form 4473 (5300.9)
Revised October 2016

CHAMBERED CUSTOM FIREARMS-000294

OMB No. 1140-0020

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Firearms Transaction Record

Transferor's/Seller's Transaction Serial Number *(If any)*

**WARNING:** You may not receive a firearm if prohibited by Federal or State law. The information you provide will be used to determine whether you are prohibited from receiving a firearm. Certain violations of the Gun Control Act, 18 U.S.C. 921 et. seq., are punishable by up to 10 years imprisonment and/or up to a $250,000 fine.

Read the Notices, Instructions, and Definitions on this form. Prepare in original only at the licensed premises *("licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located)* unless the transaction qualifies under 18 U.S.C. 922(c). All entries must be handwritten in ink. **"PLEASE PRINT."**

## Section A - Must Be Completed Personally By Transferee/Buyer

1. Transferee's/Buyer's Full Name *(If legal name contains an initial only, record "IO" after the initial. If no middle initial or name, record "NMN".)*

| Last Name *(Including suffix (e.g., Jr, Sr, II, III))* | First Name | Middle Name |
|---|---|---|
| LAM | | |

2. Current State of Residence and Address **(U.S. Postal abbreviations are acceptable. Cannot be a post office box.)**

| Number and Street Address | City | County | State | ZIP Code |
|---|---|---|---|---|
| | | MARICOPA | AZ | |

| 3. Place of Birth | 4. Height | 5. Weight *(Lbs.)* | 6. Sex | 7. Birth Date | | |
|---|---|---|---|---|---|---|
| U.S. City and State   OR   Foreign Country | Ft. ___ In. ___ | 197 | ☒ Male  ☐ Female | Month | Day | Year 1970 |

8. Social Security Number *(Optional, but will help prevent misidentification)*

9. Unique Personal Identification Number *(UPIN)* if applicable *(See Instructions for Question 9.)*

| 10.a. Ethnicity | 10.b. Race *(In addition to ethnicity, select one or more race in 10.b. Both 10.a. and 10.b. must be answered.)* | | |
|---|---|---|---|
| ☒ Hispanic or Latino | ☐ American Indian or Alaska Native | ☐ Black or African American | ☒ White |
| ☐ Not Hispanic or Latino | ☐ Asian | ☐ Native Hawaiian or Other Pacific Islander | |

11. Answer the following questions by checking or marking *"yes"* or *"no"* in the boxes to the right of the questions.

| | | Yes | No |
|---|---|---|---|
| a. | Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.** *Exception: If you are picking up a repaired firearm(s) for another person, you are not required to answer 11.a. and may proceed to question 11.b. (See Instructions for Question 11.a.)* | ☒ | ☐ |
| b. | Are you under indictment or information in any court for a felony, or any other crime for which the judge could imprison you for more than one year? *(See Instructions for Question 11.b.)* | ☐ | ☒ |
| c. | Have you ever been convicted in any court of a felony, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation? *(See Instructions for Question 11.c.)* | ☐ | ☒ |
| d. | Are you a fugitive from justice? *(See Instructions for Question 11.d.)* | ☐ | ☒ |
| e. | Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? **Warning: The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside.** | ☐ | ☒ |
| f. | Have you ever been adjudicated as a mental defective **OR** have you ever been committed to a mental institution? *(See Instructions for Question 11.f.)* | ☐ | ☒ |
| g. | Have you been discharged from the Armed Forces under **dishonorable** conditions? | ☐ | ☒ |
| h. | Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner? *(See Instructions for Question 11.h.)* | ☐ | ☒ |
| i. | Have you ever been **convicted** in any court of a misdemeanor crime of domestic violence? *(See Instructions for Question 11.i.)* | ☐ | ☒ |

12.a. Country of Citizenship: *(Check/List more than one, if applicable. Nationals of the United States may check U.S.A.)*
☒ United States of America *(U.S.A)*     ☐ Other Country/Countries *(Specify)*:

| | | Yes | No |
|---|---|---|---|
| 12.b. | Have you ever renounced your United States citizenship? | ☐ | ☒ |
| 12.c. | Are you an alien **illegally** or **unlawfully** in the United States? | ☐ | ☒ |
| 12.d.1. | Are you an alien who has been admitted to the United States under a nonimmigrant visa? *(See Instructions for Question 12.d.)* | ☐ | ☒ |
| 12.d.2. | If "yes", do you fall within any of the exceptions stated in the instructions? | ☒ N/A | ☐ |

13. If you are an alien, record your U.S.-Issued Alien or Admission number *(AR#, USCIS#, or I94#)*:

Previous Editions Are Obsolete

**Transferee/Buyer Continue to Next Page**
**STAPLE IF PAGES BECOME SEPARATED**

Page 1 of 6

ATF Form 4473 (5300.9)
Revised October 2016

CHAMBERED CUSTOM FIREARMS-000295

I certify that my answers in Section A are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 11.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 11.b. through 11.i and/or 12.b. through 12.c. is prohibited from purchasing or receiving a firearm. I understand that a person who answers "yes" to question 12.d.1. is prohibited from receiving or possessing a firearm, unless the person answers "yes" to question 12.d.2. and provides the documentation required in 18.c. I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law. *(See Instructions for Question 14.)*

| 14. Transferee's/Buyer's Signature | 15. Certification Date |
|---|---|
| | 11/7/18 |

### Section B - Must Be Completed By Transferor/Seller

| 16. Type of firearm(s) to be transferred *(check or mark all that apply)*: | 17. If transfer is at a qualifying gun show or event: |
|---|---|
| ☐ Handgun   ☐ Long Gun *(rifles or shotguns)*   ☑ Other Firearm *(frame, receiver, etc. See Instructions for Question 16.)* | Name of Function: _____<br>City, State: _____ |

| 18.a. Identification *(e.g., Virginia Driver's license (VA DL) or other valid government-issued photo identification.) (See Instructions for Question 18.a.)* | | |
|---|---|---|
| Issuing Authority and Type of Identification | Number on Identification | Expiration Date of Identification *(if any)* |
| AZ   DL | ████████ | Month ████ | Day ████ | Year 2043 |

18.b. Supplemental Government Issued Documentation *(if identification document does not show current residence address) (See Instructions for Question 18.b.)*

18.c. Exception to the Nonimmigrant Alien Prohibition: If the transferee/buyer answered "YES" to 12.d.2. the transferor/seller must record the type of documentation showing the exception to the prohibition and attach a copy to this ATF Form 4473. *(See Instructions for Question 18.c.)*

| Questions 19, 20, or 21 Must Be Completed Prior To The Transfer Of The Firearm(s) *(See Instructions for Questions 19, 20 and 21.)* | |
|---|---|
| 19.a. Date the transferee's/buyer's identifying information in Section A was transmitted to NICS or the appropriate State agency:<br><br>Month ____ Day ____ Year ____ | 19.b. The NICS or State transaction number *(if provided)* was:<br><br>████████ |
| 19.c. The response initially (first) provided by NICS or the appropriate State agency was:<br><br>☑ Proceed   ☐ Delayed   *[The firearm(s) may be transferred on ____ if State law permits (optional)]*<br>☐ Denied<br>☐ Cancelled | 19.d. The following response(s) was/were later received from NICS or the appropriate State agency:<br><br>☐ Proceed ____ *(date)*   ☐ Overturned<br>☐ Denied ____ *(date)*<br>☐ Cancelled ____ *(date)*<br>☐ No response was provided within 3 business days. |

19.e. *(Complete if applicable.)* After the firearm was transferred, the following response was received from NICS or the appropriate State agency on: ____ *(date)*.   ☐ Proceed   ☐ Denied   ☐ Cancelled

| 19.f. The name and Brady identification number of the NICS examiner. *(Optional)*<br><br>____ *(name)*    ____ *(number)* | 19.g. Name of FFL Employee Completing NICS check. *(Optional)* |
|---|---|

20. ☐ No NICS check was required because a background check was completed during the NFA approval process on the individual who will receive the NFA firearm(s), as reflected on the approved NFA application. *(See Instructions for Question 20.)*

21. ☐ No NICS check was required because the transferee/buyer has a valid permit from the State where the transfer is to take place, which qualifies as an exemption to NICS. *(See Instructions for Question 21.)*

| Issuing State and Permit Type | Date of Issuance *(if any)* | Expiration Date *(if any)* | Permit Number *(if any)* |
|---|---|---|---|

### Section C - Must Be Completed Personally By Transferee/Buyer

If the transfer of the firearm(s) takes place on a different day from the date that the transferee/buyer signed Section A, the transferee/buyer must complete Section C immediately prior to the transfer of the firearm(s). *(See Instructions for Question 22 and 23.)*

I certify that my answers to the questions in Section A of this form are still true, correct, and complete.

| 22. Transferee's/Buyer's Signature | 23. Recertification Date |
|---|---|

**Transferor/Seller Continue to Next Page**
**STAPLE IF PAGES BECOME SEPARATED**

ATF Form 4473 (5300.9)
Revised October 2016

CHAMBERED CUSTOM FIREARMS-000296

**Section D - Must Be Completed By Transferor /Seller Even If The Firearm(s) is Not Transferred**

| 24. Manufacturer and Importer *(If any) (If the manufacturer and importer are different, the FFL must include both.)* | 25. Model *(If Designated)* | 26. Serial Number | 27. Type *(See Instructions for Question 27.)* | 28. Caliber or Gauge |
|---|---|---|---|---|
| 1.  Aero Precision | ███ | ███████ | reciever | mult |
| 2.  Aero Precision | ███ | ███████ | rec'ever | mult |
| 3. | | | | |
| 4. | | | | |

**REMINDER - By the Close of Business Complete ATF Form 3310.4 For Multiple Purchases of Handguns Within 5 Consecutive Business Days**

| 29. Total Number of Firearms Transferred *(Please handwrite by printing e.g., zero, one, two, three, etc. Do not use numerals.)* | 30. Check if any part of this transaction is a pawn redemption. ☐ Line Number(s) From Question 24 Above: |
|---|---|
| 31. For Use by Licensee *(See Instructions for Question 31.)* | 32. Check if this transaction is to facilitate a private party transfer. ☐ *(See Instructions for Question 32.)* |

33. Trade/corporate name and address of transferor/seller and Federal Firearm License Number *(Must contain at least first three and last five digits of FFL Number X-XX-XXXXX.)*  (Hand stamp may be used.)

CG USA
15605 W ROOSEVELT ST.
STE: 113
GOODYEAR, AZ 85338

**9-86-07852**

**The Person Transferring The Firearm(s) Must Complete Questions 34-37.**
**For Denied/Cancelled Transactions, the Person Who Completed Section B Must Complete Questions 34-36.**

I certify that: (1) I have read and understand the Notices, Instructions, and Definitions on this ATF Form 4473; (2) the information recorded in Sections B and D is true, correct, and complete; and (3) this entire transaction record has been completed at my licensed business premises ("licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located) unless this transaction has met the requirements of 18 U.S.C. 922(c). Unless this transaction has been denied or cancelled, I further certify on the basis of — (1) the transferee's/buyer's responses in Section A (and Section C, if applicable); (2) my verification of the identification recorded in question 18 and my re-verification at the time of transfer, *if Section C was completed*); and (3) State or local law applicable to the firearms business — it is my belief that it is not unlawful for me to sell, deliver, transport, or otherwise dispose of the firearm(s) listed on this form to the person identified in Section A.

| 34.  Transferor's/Seller's Name *(Please print)* | 35.  Transferor's/Seller's Signature | 36.  Transferor's/Seller's Title | 37.  Date Transferred |
|---|---|---|---|
| John Lamontagne | *(signature)* | Owner | 11/7/18 |

## NOTICES, INSTRUCTIONS, AND DEFINITIONS

**Purpose of the Form:** The information and certification on this form are designed so that a person licensed under 18 U.S.C. 923 may determine if he/she may lawfully sell or deliver a firearm to the person identified in Section A, and to alter the transferee/buyer of certain restrictions on the receipt and possession of firearms. The transferor/seller of a firearm must determine the lawfulness of the transaction and maintain proper records of the transaction. Consequently, the transferor/seller must be familiar with the provisions of 18 U.S.C. 921-931 and the regulations in 27 CFR Parts 478 and 479. In determining the lawfulness of the sale or delivery of a rifle or shotgun to a resident of another State, the transferor/seller is presumed to know the applicable State laws and published ordinances in both the transferor's/seller's State and the transferee's/buyer's State. *(See ATF Publication 5300.5, State Laws and Published Ordinances.)*

Generally, ATF Form 4473 must be completed at the licensed business premises when a firearm is transferred over-the-counter. Federal law, 18 U.S.C. 922(c), allows a licensed importer, manufacturer, or dealer to sell a firearm to a nonlicensee who does not appear in person at the licensee's business premises only if the transferee/buyer meets certain requirements. These requirements are set forth in section 922(c), 27 CFR 478.96(b), and ATF Procedure 2013-2.

After the transferor/seller has completed the firearms transaction, he/she must make the completed, original ATF Form 4473 *(which includes the Notices, General Instructions, and Definitions)*, and any supporting documents, part of his/her permanent records. Such Forms 4473 must be retained for at least 20 years and after that period may be submitted to ATF. Filing may be chronological *(by date of disposition)*, alphabetical *(by name of purchaser)*, or numerical *(by transaction serial number)*, as long as all of the transferor's/seller's completed Forms 4473 are filed in the same manner.

**FORMS 4473 FOR DENIED/CANCELLED TRANSFERS MUST BE RETAINED:** If the transfer of a firearm is denied/cancelled by NICS, or if for any other reason the transfer is not completed after a NICS check is initiated, the licensee must retain the ATF Form 4473 in his/her records for at least 5 years. Forms 4473 with respect to which a sale, delivery, or transfer did not take place must be separately retained in alphabetical *(by name of transferee)* or chronological *(by date of transferee's certification)* order.

If the transferor/seller or the transferee/buyer discovers that an ATF Form 4473 is incomplete or improperly completed after the firearm has been transferred, and the transferor/seller or the transferee/buyer wishes to correct the omission(s) or error(s), photocopy the inaccurate form and make any necessary additions or revisions to the photocopy. The transferor/seller should only make changes to Sections B and D. The transferee/buyer should only make changes to Section A and C. Whoever made the changes should initial and date the changes. The corrected photocopy should be attached to the original Form 4473 and retained as part of the transferor's/seller's permanent records.

**Exportation of Firearms:** The State or Commerce Departments may require a firearms exporter to obtain a license prior to export. **Warning:** Any person who exports a firearm without proper authorization may be fined not more than $1,000,000 and/or imprisoned for not more than 20 years. See 22 U.S.C. 2778(c).

### Section A

The transferee/buyer must personally complete Section A of this form and certify *(sign)* that the answers are true, correct, and complete. However, if the transferee/buyer is unable to read and/or write, the answers *(other than the signature)* may be completed by another person, excluding the transferor/seller. Two persons *(other than the transferor/seller)* must then sign as witnesses to the transferee's/buyer's answers and signature/certification in question 14.

Page 3 of 6

ATF Form 4473 (5300.9)
Revised October 2016

CHAMBERED CUSTOM FIREARMS-000297

OMB No. 1140-0020

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Firearms Transaction Record

| | Transferor's/Seller's Transaction Serial Number *(If any)* |
|---|---|

**WARNING:** You may not receive a firearm if prohibited by Federal or State law. The information you provide will be used to determine whether you are prohibited from receiving a firearm. Certain violations of the Gun Control Act, 18 U.S.C. 921 et. seq., are punishable by up to 10 years imprisonment and/or up to a $250,000 fine.

Read the Notices, Instructions, and Definitions on this form. Prepare in original only at the licensed premises *("licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located)* unless the transaction qualifies under 18 U.S.C. 922(c). All entries must be handwritten in ink. **"PLEASE PRINT."**

### Section A – Must Be Completed Personally By Transferee/Buyer

1. Transferee's/Buyer's Full Name *(If legal name contains an initial only, record "IO" after the initial. If no middle initial or name, record "NMN".)*

| Last Name *(Including suffix (e.g., Jr, Sr, II, III))* | First Name | Middle Name |
|---|---|---|
| KLONGENSMITH | | |

2. Current State of Residence and Address (U.S. Postal abbreviations are acceptable. Cannot be a post office box.)

| Number and Street Address | City | County | State | ZIP Code |
|---|---|---|---|---|
| | | MARICOPA | AZ | |

| 3. Place of Birth | 4. Height | 5. Weight *(Lbs.)* | 6. Sex | 7. Birth Date | | |
|---|---|---|---|---|---|---|
| U.S. City and State  -OR-  Foreign Country | Ft. ___ In. ___ | 200 | ☐ Male  ☐ Female | Month | Day | Year 1986 |

8. Social Security Number *(Optional, but will help prevent misidentification)*

9. Unique Personal Identification Number *(UPIN) if applicable (See Instructions for Question 9.)*

10.a. Ethnicity

☐ Hispanic or Latino
☒ Not Hispanic or Latino

10.b. Race *(In addition to ethnicity, select one or more race in 10.b. Both 10.a. and 10.b. must be answered.)*

☐ American Indian or Alaska Native   ☐ Black or African American   ☒ White
☐ Asian   ☐ Native Hawaiian or Other Pacific Islander

11. Answer the following questions by checking or marking *"yes" or "no"* in the boxes to the right of the questions.

| | | Yes | No |
|---|---|---|---|
| a. | Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.** *Exception: If you are picking up a repaired firearm(s) for another person, you are **not** required to answer 11.a. and may proceed to question 11.b. (See Instructions for Question 11.a.)* | ☒ | ☐ |
| b. | Are you under indictment or information in any court for a **felony**, or any other crime for which the judge could imprison you for more than one year? *(See Instructions for Question 11.b.)* | ☐ | ☒ |
| c. | Have you ever been convicted in any court of a **felony**, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation? *(See Instructions for Question 11.c.)* | ☐ | ☒ |
| d. | Are you a fugitive from justice? *(See Instructions for Question 11.d.)* | ☐ | ☒ |
| e. | Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? **Warning: The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside.** | ☐ | ☒ |
| f. | Have you ever been adjudicated as a mental defective **OR** have you ever been committed to a mental institution? *(See Instructions for Question 11.f.)* | ☐ | ☒ |
| g. | Have you been discharged from the Armed Forces under **dishonorable** conditions? | ☐ | ☒ |
| h. | Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner? *(See Instructions for Question 11.h.)* | ☐ | ☒ |
| i. | Have you ever been **convicted** in any court of a misdemeanor crime of domestic violence? *(See Instructions for Question 11.i.)* | ☐ | ☒ |

12.a. Country of Citizenship: *(Check/List more than one, if applicable. Nationals of the United States may check U.S.A.)*
☒ United States of America *(U.S.A)*   ☐ Other Country/Countries *(Specify):*

| | | Yes | No |
|---|---|---|---|
| 12.b. | Have you ever renounced your United States citizenship? | ☐ | ☒ |
| 12.c. | Are you an alien **illegally** or **unlawfully** in the United States? | ☐ | ☒ |
| 12.d.1. | Are you an alien who has been admitted to the United States under a nonimmigrant visa? *(See Instructions for Question 12.d.)* | ☐ | ☐ |
| 12.d.2. | If "yes", do you fall within any of the exceptions stated in the instructions? | ☒ N/A ☐ | ☐ |

13. If you are an alien, record your U.S.-issued Alien or Admission number *(AR#, USCIS#, or I94#)*:

Previous Editions Are Obsolete

**Transferee/Buyer Continue to Next Page**
**STAPLE IF PAGES BECOME SEPARATED**

Page 1 of 6

ATF Form 4473 (5300.9)
Revised October 2016

**CHAMBERED CUSTOM FIREARMS-000298**

I certify that my answers in Section A are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 11.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 11.b. through 11.i and/or 12.b. through 12.c. is prohibited from purchasing or receiving a firearm. I understand that a person who answers "yes" to question 12.d.1. is prohibited from receiving or possessing a firearm, unless the person answers "yes" to question 12.d.2. and provides the documentation required in 18.c. I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law. *(See Instructions for Question 14.)*

| 14. Transferee's/Buyer's Signature | 15. Certification Date |
|---|---|
| | 16 NOV 2018 |

### Section B - Must Be Completed By Transferor/Seller

| 16. Type of firearm(s) to be transferred *(check or mark all that apply)*: | 17. If transfer is at a qualifying gun show or event: |
|---|---|
| ☑ Handgun  ☐ Long Gun *(rifles or shotguns)*  ☐ Other Firearm *(frame, receiver, etc. See Instructions for Question 16.)* | Name of Function: _____  City, State: _____ |

**18.a. Identification** *(e.g., Virginia Driver's license (VA DL) or other valid government-issued photo identification.) (See Instructions for Question 18.a.)*

| Issuing Authority and Type of Identification | Number on Identification | Expiration Date of Identification *(if any)* | | |
|---|---|---|---|---|
| | | Month | Day | Year |
| AZ    DL | ██████ | ████ | | 2os1 |

**18.b. Supplemental Government Issued Documentation** *(if identification document does not show current residence address) (See Instructions for Question 18.b.)*

**18.c. Exception to the Nonimmigrant Alien Prohibition:** If the transferee/buyer answered "YES" to 12.d.2. the transferor/seller must record the type of documentation showing the exception to the prohibition and attach a copy to this ATF Form 4473. *(See Instructions for Question 18.c.)*

### Questions 19, 20, or 21 Must Be Completed Prior To The Transfer Of The Firearm(s) *(See Instructions for Questions 19, 20 and 21.)*

| 19.a. Date the transferee's/buyer's identifying information in Section A was transmitted to NICS or the appropriate State agency: | 19.b. The NICS or State transaction number *(if provided)* was: |
|---|---|
| Month 11  Day 16  Year 18 | ██████ |

| 19.c. The response initially (first) provided by NICS or the appropriate State agency was: | 19.d. The following response(s) was/were later received from NICS or the appropriate State agency: |
|---|---|
| ☑ Proceed  ☐ Denied  ☐ Cancelled  ☐ Delayed *[The firearm(s) may be transferred on _____ if State law permits (optional)]* | ☐ Proceed _____ *(date)*  ☐ Denied _____ *(date)*  ☐ Cancelled _____ *(date)*  ☐ No response was provided within 3 business days.  ☐ Overturned |

**19.e.** *(Complete if applicable.)* After the firearm was transferred, the following response was received from NICS or the appropriate State agency on: _____ *(date).*  ☐ Proceed  ☐ Denied  ☐ Cancelled

| 19.f. The name and Brady identification number of the NICS examiner. *(Optional)* _____ *(name)* _____ *(number)* | 19.g. Name of FFL Employee Completing NICS check. *(Optional)* |
|---|---|

**20.** ☐ No NICS check was required because a background check was completed during the NFA approval process on the individual who will receive the NFA firearm(s), as reflected on the approved NFA application. *(See Instructions for Question 20.)*

**21.** ☐ No NICS check was required because the transferee/buyer has a valid permit from the State where the transfer is to take place, which qualifies as an exemption to NICS. *(See Instructions for Question 21.)*

| Issuing State and Permit Type | Date of Issuance *(if any)* | Expiration Date *(if any)* | Permit Number *(if any)* |
|---|---|---|---|

### Section C - Must Be Completed Personally By Transferee/Buyer

If the transfer of the firearm(s) takes place on a different day from the date that the transferee/buyer signed Section A, the transferee/buyer must complete Section C immediately prior to the transfer of the firearm(s). *(See Instructions for Question 22 and 23.)*

**I certify that my answers to the questions in Section A of this form are still true, correct, and complete.**

| 22. Transferee's/Buyer's Signature | 23. Recertification Date |
|---|---|

Transferor/Seller Continue to Next Page
**STAPLE IF PAGES BECOME SEPARATED**

Page 2 of 6

ATF Form 4473 (5300.9)
Revised October 2016

CHAMBERED CUSTOM FIREARMS-000299

**Section D - Must Be Completed By Transferor /Seller Even If The Firearm(s) is Not Transferred**

| | 24. Manufacturer and Importer (If any) (if the manufacturer and importer are different, the FFL must include both.) | 25. Model (If Designated) | 26. Serial Number | 27. Type (See Instructions for Question 27.) | 28. Caliber or Gauge |
|---|---|---|---|---|---|
| 1. | Sig | ███ | ███████ | Pistol | 9mm |
| 2. | S.g | ███ | ████ | Pistol | 9mm |
| 3. | | | | | |
| 4. | | | | | |

**REMINDER - By the Close of Business Complete ATF Form 3310.4 For Multiple Purchases of Handguns Within 5 Consecutive Business Days**

29. Total Number of Firearms Transferred (Please handwrite by printing e.g., zero, one, two, three, etc. **Do not use numerals.**)  two

30. Check if any part of this transaction is a pawn redemption.
☐ Line Number(s) From Question 24 Above:

31. For Use by Licensee (See Instructions for Question 31.)

32. Check if this transaction is to facilitate a private party transfer.
☐ (See Instructions for Question 32.)

33. Trade/corporate name and address of transferor/seller and Federal Firearm License Number (Must contain at least first three and last five digits of FFL Number X-XX-XXXXX.) (Hand stamp may be used.)

CG USA
15605 W ROOSEVELT ST.
STE: 113
GOODYEAR, AZ 85338

**9-86-07852**

**The Person Transferring The Firearm(s) Must Complete Questions 34-37.**
**For Denied/Cancelled Transactions, the Person Who Completed Section B Must Complete Questions 34-36.**

I certify that: (1) I have read and understand the Notices, Instructions, and Definitions on this ATF Form 4473; (2) the information recorded in Sections B and D is true, correct, and complete; and (3) this entire transaction record has been completed at my licensed business premises ("licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located) unless this transaction has met the requirements of 18 U.S.C. 922(c). Unless this transaction has been denied or cancelled, I further certify on the basis of — (1) the transferee's/buyer's responses in Section A (and Section C, if applicable); (2) my verification of the identification recorded in question 18 (and my re-verification at the time of transfer, *if Section C was completed*); and (3) State or local law applicable to the firearms business — it is my belief that it is not unlawful for me to sell, deliver, transport, or otherwise dispose of the firearm(s) listed on this form to the person identified in Section A.

| 34. Transferor's/Seller's Name (*Please print*) | 35. Transferor's/Seller's Signature | 36. Transferor's/Seller's Title | 37. Date Transferred |
|---|---|---|---|
| John Lamadge | | owner | 11/16/18 |

### NOTICES, INSTRUCTIONS, AND DEFINITIONS

**Purpose of the Form:** The information and certification on this form are designed so that a person licensed under 18 U.S.C. 923 may determine if he/she may lawfully sell or deliver a firearm to the person identified in Section A, and to alert the transferee/buyer of certain restrictions on the receipt and possession of firearms. The transferor/seller of a firearm must determine the lawfulness of the transaction and maintain proper records of the transaction. Consequently, the transferor/seller must be familiar with the provisions of 18 U.S.C. 921-931 and the regulations in 27 CFR Parts 478 and 479. In determining the lawfulness of the sale or delivery of a rifle or shotgun to a resident of another State, the transferor/seller is presumed to know the applicable State laws and published ordinances in both the transferor's/seller's State and the transferee's/buyer's State. (*See ATF Publication 5300.5, State Laws and Published Ordinances.*)

Generally, ATF Form 4473 must be completed at the licensed business premises when a firearm is transferred over-the-counter. Federal law, 18 U.S.C. 922(c), allows a licensed importer, manufacturer, or dealer to sell a firearm to a nonlicensee who does not appear in person at the licensee's business premises only if the transferee/buyer meets certain requirements. These requirements are set forth in section 922(c), 27 CFR 478.96(b), and ATF Procedure 2013-2.

After the transferor/seller has completed the firearms transaction, he/she must make the completed, original ATF Form 4473 (*which includes the Notices, General Instructions, and Definitions*), and any supporting documents, part of his/her permanent records. Such Forms 4473 must be retained for at least 20 years and after that period may be submitted to ATF. Filing may be chronological (*by date of disposition*), alphabetical (*by name of purchaser*), or numerical (*by transaction serial number*), as long as all of the transferor's/seller's completed Forms 4473 are filed in the same manner.

**FORMS 4473 FOR DENIED/CANCELLED TRANSFERS MUST BE RETAINED:** If the transfer of a firearm is denied/cancelled by NICS, or if for any other reason the transfer is not completed after a NICS check is initiated, the licensee must retain the ATF Form 4473 in his/her records for at least 5 years. Forms 4473 with respect to which a sale, delivery, or transfer did not take place shall be separately retained in alphabetical (*by name of transferee*) or chronological (*by date of transferee's certification*) order.

If the transferor/seller or the transferee/buyer discovers that an ATF Form 4473 is incomplete or improperly completed after the firearm has been transferred, and the transferor/seller or the transferee/buyer wishes to correct the omission(s) or error(s), photocopy the inaccurate form and make any necessary additions or revisions to the photocopy. The transferor/seller should only make changes to Sections B and D. The transferee/buyer should only make changes to Section A and C. Whoever made the changes should initial and date the changes. The corrected photocopy should be attached to the original Form 4473 and retained as part of the transferor's/seller's permanent records.

**Exportation of Firearms:** The State or Commerce Departments may require a firearms exporter to obtain a license prior to export. **Warning:** Any person who exports a firearm without proper authorization may be fined not more than $1,000,000 and/or imprisoned for not more than 20 years. *See* 22 U.S.C. 2778(c).

**Section A**

The transferee/buyer must personally complete Section A of this form and certify (*sign*) that the answers are true, correct, and complete. However, if the transferee/buyer is unable to read and/or write, the answers (*other than the signature*) may be completed by another person, excluding the transferor/seller. Two persons (*other than the transferor/seller*) must then sign as witnesses to the transferee's/buyer's answers and signature/certification in question 14.

Page 3 of 6

ATF Form 4473 (5300.9)
Revised October 2016

**CHAMBERED CUSTOM FIREARMS-000300**

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

OMB No. 1140-0020

## Firearms Transaction Record

| | Transferor's/Seller's Transaction Serial Number *(If any)* |
|---|---|
| **WARNING:** You may not receive a firearm if prohibited by Federal or State law. The information you provide will be used to determine whether you are prohibited from receiving a firearm. Certain violations of the Gun Control Act, 18 U.S.C. 921 et. seq., are punishable by up to 10 years imprisonment and/or up to a $250,000 fine. | ▉ |

Read the Notices, Instructions, and Definitions on this form. Prepare in original only at the licensed premises *("licensed premises"* includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located) unless the transaction qualifies under 18 U.S.C. 922(c). All entries must be handwritten in ink. **"PLEASE PRINT."**

### Section A - Must Be Completed Personally By Transferee/Buyer

1. Transferee's/Buyer's Full Name *(If legal name contains an initial only, record "IO" after the initial. If no middle initial or name, record "NMN".)*

| Last Name *(Including suffix (e.g., Jr, Sr, II, III))* | First Name | Middle Name |
|---|---|---|
| Melendrez | ▉ | ▉ |

2. Current State of Residence and Address **(U.S. Postal abbreviations are acceptable. Cannot be a post office box.)**

| Number and Street Address | City | County | State | ZIP Code |
|---|---|---|---|---|
| ▉ | ▉ | Maricopa | AZ | ▉ |

| 3. Place of Birth | | 4. Height | 5. Weight *(Lbs.)* | 6. Sex | 7. Birth Date | | |
|---|---|---|---|---|---|---|---|
| U.S. City and State **OR-** Foreign Country | | Ft. __ In. __ | 130 | ☐ Male ☒ Female | Month | Day | Year 65 |

8. Social Security Number **(Optional**, but will help prevent misidentification)

9. Unique Personal Identification Number (UPIN) if applicable (See Instructions for Question 9.)

| 10.a. Ethnicity | 10.b. Race **(In addition to ethnicity, select one or more race in 10.b. Both 10.a. and 10.b. must be answered.)** | |
|---|---|---|
| ☐ Hispanic or Latino | ☐ American Indian or Alaska Native | ☐ Black or African American | ☑ White |
| ☑ Not Hispanic or Latino | ☐ Asian | ☐ Native Hawaiian or Other Pacific Islander | |

| 11. Answer the following questions by checking or marking "yes" or "no" in the boxes to the right of the questions. | Yes | No |
|---|---|---|
| a. Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you. Exception: If you are picking up a repaired firearm(s) for another person, you are not required to answer 11.a. and may proceed to question 11.a.** (See Instructions for Question 11.a.) | ☑ | ☐ |
| b. Are you under indictment or information in any court for a **felony**, or any other crime for which the judge could imprison you for more than one year? *(See Instructions for Question 11.b.)* | ☐ | ☑ |
| c. Have you ever been convicted in any court of a **felony**, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation? *(See Instructions for Question 11.c.)* | ☐ | ☑ |
| d. Are you a fugitive from justice? *(See Instructions for Question 11.d.)* | ☐ | ☑ |
| e. Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? **Warning: The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside.** | ☐ | ☑ |
| f. Have you ever been adjudicated as a mental defective **OR** have you ever been committed to a mental institution? *(See Instructions for Question 11.f.)* | ☐ | ☑ |
| g. Have you been discharged from the Armed Forces under **dishonorable** conditions? | ☐ | ☑ |
| h. Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner? *(See Instructions for Question 11.h.)* | ☐ | ☑ |
| i. Have you ever been **convicted** in any court of a misdemeanor crime of domestic violence? *(See Instructions for Question 11.i.)* | ☐ | ☑ |

12.a. Country of Citizenship: *(Check/List more than one, if applicable. Nationals of the United States may check U.S.A.)*
☑ United States of America *(U.S.A)*     ☐ Other Country/Countries *(Specify):*

| | Yes | No |
|---|---|---|
| 12.b. Have you ever renounced your United States citizenship? | ☐ | ☑ |
| 12.c. Are you an alien **illegally** or **unlawfully** in the United States? | ☐ | ☑ |
| 12.d.1. Are you an alien who has been admitted to the United States under a nonimmigrant visa? *(See Instructions for Question 12.d.)* | ☐ | ☑ |
| 12.d.2. If "yes", do you fall within any of the exceptions stated in the instructions? | ☑ N/A | ☐ | ☐ |

13. If you are an alien, record your U.S.-Issued Alien or Admission number *(AR#, USCIS#, or I94#):*

| Previous Editions Are Obsolete | **Transferee/Buyer Continue to Next Page** | ATF Form 4473 (5300.9) |
|---|---|---|
| Page 1 of 6 | **STAPLE IF PAGES BECOME SEPARATED** | Revised October 2016 |

CHAMBERED CUSTOM FIREARMS-000301

I certify that my answers in Section A are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 11.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 11.b. through 11.i and/or 12.b. through 12.c. is prohibited from purchasing or receiving a firearm. I understand that a person who answers "yes" to question 12.d.1. is prohibited from receiving or possessing a firearm, unless the person answers "yes" to question 12.d.2. and provides the documentation required in 18.c. I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law. *(See Instructions for Question 14.)*

| 14. Transferee's/Buyer's Signature | 15. Certification Date |
|---|---|
| *Melendre* | 11-21-18 |

### Section B - Must Be Completed By Transferor/Seller

| 16. Type of firearm(s) to be transferred *(check or mark all that apply):* | 17. If transfer is at a qualifying gun show or event: |
|---|---|
| ☑ Handgun  ☐ Long Gun *(rifles or shotguns)*  ☐ Other Firearm *(frame, receiver, etc. See Instructions for Question 16.)* | Name of Function: _____  City, State: _____ |

18.a. Identification *(e.g., Virginia Driver's license (VA DL) or other valid government-issued photo identification.) (See Instructions for Question 18.a.)*

| Issuing Authority and Type of Identification | Number on Identification | Expiration Date of Identification *(if any)* |  |  |
|---|---|---|---|---|
|  |  | Month | Day | Year |
| AZ  DL | ▓▓▓▓▓▓ | ▓▓▓▓ |  | 2030 |

18.b. Supplemental Government Issued Documentation *(if identification document does not show current residence address) (See Instructions for Question 18.b.)*

18.c. Exception to the Nonimmigrant Alien Prohibition: If the transferee/buyer answered "YES" to 12.d.2. the transferor/seller must record the type of documentation showing the exception to the prohibition and attach a copy to this ATF Form 4473. *(See Instructions for Question 18.c.)*

### Questions 19, 20, or 21 Must Be Completed Prior To The Transfer Of The Firearm(s) *(See Instructions for Questions 19, 20 and 21.)*

| 19.a. Date the transferee's/buyer's identifying information in Section A was transmitted to NICS or the appropriate State agency | 19.b. The NICS or State transaction number *(if provided)* was: |
|---|---|
| Month    Day    Year |  |

| 19.c. The response initially (first) provided by NICS or the appropriate State agency was: | 19.d. The following response(s) was/were later received from NICS or the appropriate State agency: |
|---|---|
| ☐ Proceed  ☐ Delayed *[The firearm(s) may be transferred on _____ if State law permits (optional)]*  ☐ Denied  ☐ Cancelled | ☐ Proceed _____ *(date)*  ☐ Overturned  ☐ Denied _____ *(date)*  ☐ Cancelled _____ *(date)*  ☐ No response was provided within 3 business days. |

19.e. *(Complete if applicable.)* After the firearm was transferred, the following response was received from NICS or the appropriate State agency on: _____ *(date)*, ☐ Proceed  ☐ Denied  ☐ Cancelled

| 19.f. The name and Brady identification number of the NICS examiner. *(Optional)* | 19.g. Name of FFL Employee Completing NICS check. *(Optional)* |
|---|---|
| _____ *(name)*    _____ *(number)* |  |

20. ☐ No NICS check was required because a background check was completed during the NFA approval process on the individual who will receive the NFA firearm(s), as reflected on the approved NFA application. *(See Instructions for Question 20.)*

21. ☑ No NICS check was required because the transferee/buyer has a valid permit from the State where the transfer is to take place, which qualifies as an exemption to NICS. *(See Instructions for Question 21.)*

| Issuing State and Permit Type | Date of Issuance *(if any)* | Expiration Date *(if any)* | Permit Number *(if any)* |
|---|---|---|---|
| AZ  CCW | 4/23/2014 | 4/23/2019 | ▓▓▓▓▓ |

### Section C - Must Be Completed Personally By Transferee/Buyer

If the transfer of the firearm(s) takes place on a different day from the date that the transferee/buyer signed Section A, the transferee/buyer must complete Section C immediately prior to the transfer of the firearm(s). *(See Instructions for Questions 22 and 23.)*

I certify that my answers to the questions in Section A of this form are still true, correct, and complete.

| 22. Transferee's/Buyer's Signature | 23. Recertification Date |
|---|---|
|  |  |

**Transferor/Seller Continue to Next Page**
**STAPLE IF PAGES BECOME SEPARATED**

ATF Form 4473 (5300.9)
Revised October 2016

**CHAMBERED CUSTOM FIREARMS-000302**

**Section D - Must Be Completed By Transferor/Seller Even If The Firearm(s) is Not Transferred**

| | 24.<br>Manufacturer and Importer *(If any) (If the manufacturer and importer are different, the FFL must include both.)* | 25.<br>Model<br>*(If Designated)* | 26.<br>Serial Number | 27.<br>Type *(See Instructions for Question 27.)* | 28.<br>Caliber or Gauge |
|---|---|---|---|---|---|
| 1. | Glock | ████████ | ████████ | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |

**REMINDER - By the Close of Business Complete ATF Form 3310.4 For Multiple Purchases of Handguns Within 5 Consecutive Business Days**

29. Total Number of Firearms Transferred *(Please handwrite by printing e.g., zero, one, two, three, etc. Do not use numerals.)*     One

30. Check if any part of this transaction is a pawn redemption.
☐ Line Number(s) From Question 24 Above:

31. For Use by Licensee *(See Instructions for Question 31.)*

32. Check if this transaction is to facilitate a private party transfer.
☐ *(See Instructions for Question 32.)*

33. Trade/corporate name and address of transferor/seller and Federal Firearm License Number *(Must contain at least first three and last five digits of FFL Number X-XX-XXXXX.) (Hand stamp may be used.)*

CG USA
15605 W ROOSEVELT ST.
STE: 113
GOODYEAR, AZ 85338

**9-86-07852**

**The Person Transferring The Firearm(s) Must Complete Questions 34-37.**
**For Denied/Cancelled Transactions, the Person Who Completed Section B Must Complete Questions 34-36.**

I certify that: (1) I have read and understand the Notices, Instructions, and Definitions on this ATF Form 4473; (2) the information recorded in Sections B and D is true, correct, and complete; and (3) this entire transaction record has been completed at my licensed business premises ("licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located) unless this transaction has met the requirements of 18 U.S.C. 922(c). Unless this transaction has been denied or cancelled, I further certify on the basis of— (1) the transferee's/buyer's responses in Section A (and Section C, if applicable); (2) my verification of the identification recorded in question 18 and my re-verification at the time of transfer, *if Section C was completed)*; and (3) State or local law applicable to the firearms business — it is my belief that it is not unlawful for me to sell, deliver, transport, or otherwise dispose of the firearm(s) listed on this form to the person identified in Section A.

| 34. Transferor's/Seller's Name *(Please print)* | 35. Transferor's/Seller's Signature | 36. Transferor's/Seller's Title | 37. Date Transferred |
|---|---|---|---|
| John Caresadagne | | Owner | 11/21/18 |

### NOTICES, INSTRUCTIONS, AND DEFINITIONS

**Purpose of the Form:** The information and certification on this form are designed so that a person licensed under 18 U.S.C. 923 may determine if he/she may lawfully sell or deliver a firearm to the person identified in Section A, and to alert the transferee/buyer of certain restrictions on the receipt and possession of firearms. The transferor/seller of a firearm must determine the lawfulness of the transaction and maintain proper records of the transaction. Consequently, the transferor/seller must be familiar with the provisions of 18 U.S.C. 921-931 and the regulations in 27 CFR Parts 478 and 479. In determining the lawfulness of the sale or delivery of a rifle or shotgun to a resident of another State, the transferor/seller is presumed to know the applicable State laws and published ordinances in both the transferor's/seller's State and the transferee's/buyer's State. *(See ATF Publication 5300.5, State Laws and Published Ordinances.)*

Generally, ATF Form 4473 must be completed at the licensed business premises when a firearm is transferred over-the-counter. Federal law, 18 U.S.C. 922(c), allows a licensed importer, manufacturer, or dealer to sell a firearm to a nonlicensee who does not appear at the licensee's business premises only if the transferee/buyer meets certain requirements. These requirements are set forth in section 922(c), 27 CFR 478.96(b), and ATF Procedure 2013-2.

After the transferor/seller has completed the firearms transaction, he/she must make the completed, original ATF Form 4473 *(which includes the Notices, General Instructions, and Definitions)*, and any supporting documents, part of his/her permanent records. Such Forms 4473 must be retained for at least 20 years and after that period may be submitted to ATF. Filing may be chronological *(by date of disposition)*, alphabetical *(by name of purchaser)*, or numerical *(by transaction serial number)*, as long as all of the transferor's/seller's completed Forms 4473 are filed in the same manner.

FORMS 4473 FOR DENIED/CANCELLED TRANSFERS MUST BE RETAINED: If the transfer of a firearm is denied/cancelled by NICS, or if for any other reason the transfer is not completed after a NICS check is initiated, the licensee must retain the ATF Form 4473 in his/her records for at least 5 years. Forms 4473 with respect to which a sale, delivery, or transfer did not take place shall be separately retained in alphabetical *(by name of transferee)* or chronological *(by date of transferee's certification)* order.

If the transferor/seller or the transferee/buyer discovers that an ATF Form 4473 is incomplete or improperly completed after the firearm has been transferred, and the transferor/seller or the transferee/buyer wishes to correct the omission(s) or error(s), photocopy the inaccurate form and make any necessary additions or revisions to the photocopy. The transferor/seller should only make changes to Sections B and D. The transferee/buyer should only make changes to Section A and C. Whoever made the changes should initial and date the changes. The corrected photocopy should be attached to the original Form 4473 and retained as part of the transferor's/seller's permanent records.

**Exportation of Firearms:** The State or Commerce Departments may require a firearms exporter to obtain a license prior to export. **Warning:** Any person who exports a firearm without proper authorization may be fined not more than $1,000,000 and/or imprisoned for not more than 20 years. See 22 U.S.C. 2778(c).

### Section A

The transferee/buyer must personally complete Section A of this form and certify *(sign)* that the answers are true, correct, and complete. However, if the transferee/buyer is unable to read and/or write, the answers *(other than the signature)* may be completed by another person, excluding the transferor/seller. Two persons *(other than the transferor/seller)* must then sign as witnesses to the transferee's/buyer's answers and signature/certification in question 14.

ATF Form 4473 (5300.9)
Revised October 2016

**CHAMBERED CUSTOM FIREARMS-000303**

OMB No. 1140-0020

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Firearms Transaction Record

| | Transferor's/Seller's Transaction Serial Number *(If any)* |
|---|---|

**WARNING:** You may not receive a firearm if prohibited by Federal or State law. The information you provide will be used to determine whether you are prohibited from receiving a firearm. Certain violations of the Gun Control Act, 18 U.S.C. 921 et. seq., are punishable by up to 10 years imprisonment and/or up to a $250,000 fine.

Read the Notices, Instructions, and Definitions on this form. Prepare in original only at the licensed premises *("licensed premises"* includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is *located)* unless the transaction qualifies under 18 U.S.C. 922(c). All entries must be handwritten in ink. **"PLEASE PRINT."**

### Section A - Must Be Completed Personally By Transferee/Buyer

1. Transferee/Buyer's Full Name *(If legal name contains an initial only, record "IO" after the initial. If no middle initial or name, record "NMN".)*

| Last Name *(Including suffix (e.g., Jr, Sr, II, III))* | First Name | Middle Name |
|---|---|---|
| Lamontagne | | |

2. Current State of Residence and Address (U.S. Postal abbreviations are acceptable. Cannot be a post office box.)

| Number and Street Address | City | County | State | ZIP Code |
|---|---|---|---|---|
| | | Maricopos | AZ | |

| 3. Place of Birth | | 4. Height | 5. Weight (Lbs.) | 6. Sex | 7. Birth Date | | |
|---|---|---|---|---|---|---|---|
| U.S. City and State | **-OR-** Foreign Country | Ft. In. | 255 | ☑ Male ☐ Female | Month | Day | Year 1971 |

8. Social Security Number *(Optional, but will help prevent misidentification.)*

9. Unique Personal Identification Number (UPIN) if applicable *(See Instructions for Question 9.)*

| 10.a. Ethnicity | 10.b. Race *(In addition to ethnicity, select one or more race in 10.b. Both 10.a. and 10.b. must be answered.)* | |
|---|---|---|
| ☐ Hispanic or Latino | ☐ American Indian or Alaska Native   ☐ Black or African American | ☑ White |
| ☐ Not Hispanic or Latino | ☐ Asian   ☐ Native Hawaiian or Other Pacific Islander | |

| 11. Answer the following questions by checking or marking *"yes"* or *"no"* in the boxes to the right of the questions. | Yes | No |
|---|---|---|
| a. Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.** *Exception: If you are picking up a repaired firearm(s) for another person, you are not required to answer 11.a. and may proceed to question 11.b. (See Instructions for Question 11.a.)* | ☑ | ☐ |
| b. Are you under indictment or information in any court for a felony, or any other crime for which the judge could imprison you for more than one year? *(See Instructions for Question 11.b.)* | ☑ | ☐ |
| c. Have you ever been convicted in any court of a felony, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation? *(See Instructions for Question 11.c.)* | ☑ | ☐ |
| d. Are you a fugitive from justice? *(See Instructions for Question 11.d.)* | ☑ | ☐ |
| e. Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? **Warning: The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside.** | ☑ | ☐ |
| f. Have you ever been adjudicated as a mental defective **OR** have you ever been committed to a mental institution? *(See Instructions for Question 11.f.)* | ☑ | ☐ |
| g. Have you been discharged from the Armed Forces under **dishonorable** conditions? | ☑ | ☐ |
| h. Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner? *(See Instructions for Question 11.h.)* | ☑ | ☐ |
| i. Have you ever been **convicted** in any court of a misdemeanor crime of domestic violence? *(See Instructions for Question 11.i.)* | ☑ | ☐ |

12.a. Country of Citizenship: *(Check/List more than one, if applicable. Nationals of the United States may check U.S.A.)*
☑ United States of America (U.S.A.)   ☐ Other Country/Countries (Specify):

| | | Yes | No |
|---|---|---|---|
| 12.b. | Have you ever renounced your United States citizenship? | ☐ | ☑ |
| 12.c. | Are you an alien **illegally** or **unlawfully** in the United States? | ☐ | ☑ |
| 12.d.1. | Are you an alien who has been admitted to the United States under a nonimmigrant visa? *(See Instructions for Question 12.d.)* | ☐ | ☑ |
| 12.d.2. | If "yes", do you fall within any of the exceptions stated in the instructions? | ☑ N/A | ☐ | ☑ |

13. If you are an alien, record your U.S.-Issued Alien or Admission number (AR#, USCIS#, or I94#):

| Previous Editions Are Obsolete | Transferee/Buyer Continue to Next Page | ATF Form 4473 (5300.9) |
|---|---|---|
| Page 1 of 6 | **STAPLE IF PAGES BECOME SEPARATED** | Revised October 2016 |

CHAMBERED CUSTOM FIREARMS-000304

I certify that my answers in Section A are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 11.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 11.b. through 11.i and/or 12.b. through 12.c. is prohibited from purchasing or receiving a firearm. I understand that a person who answers "yes" to question 12.d.1. is prohibited from receiving or possessing a firearm, unless the person answers "yes" to question 12.d.2. and provides the documentation required in 18.c. I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law. *(See Instructions for Question 14.)*

| 14. Transferee's/Buyer's Signature | 15. Certification Date |
|---|---|
| | 12/22/18 |

### Section B - Must Be Completed By Transferor/Seller

| 16. Type of firearm(s) to be transferred *(check or mark all that apply)*: | 17. If transfer is at a qualifying gun show or event: |
|---|---|
| ☑ Handgun  ☐ Long Gun *(rifles or shotguns)*  ☐ Other Firearm *(frame, receiver, etc. See Instructions for Question 16.)* | Name of Function: _____ <br> City, State: _____ |

18.a. Identification *(e.g., Virginia Driver's license (VA DL) or other valid government-issued photo identification.) (See Instructions for Question 18.a.)*

| Issuing Authority and Type of Identification | Number on Identification | Expiration Date of Identification *(if any)* | | |
|---|---|---|---|---|
| | | Month | Day | Year |
| AZ    DL | ▮▮▮▮▮▮ | | | 2036 |

18.b. Supplemental Government Issued Documentation *(if identification document does not show current residence address) (See Instructions for Question 18.b.)*

18.c. Exception to the Nonimmigrant Alien Prohibition: If the transferee/buyer answered "YES" to question 12.d.2. the transferor/seller must record the type of documentation showing the exception to the prohibition and attach a copy to this ATF Form 4473. *(See Instructions for Question 18.c.)*

### Questions 19, 20, or 21 Must Be Completed Prior To The Transfer Of The Firearm(s) *(See Instructions for Questions 19, 20 and 21.)*

| 19.a. Date the transferee's/buyer's identifying information in Section A was transmitted to NICS or the appropriate State agency: | 19.b. The NICS or State transaction number *(if provided)* was: |
|---|---|
| Month          Day          Year | |

| 19.c. The response initially (first) provided by NICS or the appropriate State agency was: | 19.d. The following response(s) was/were later received from NICS or the appropriate State agency: |
|---|---|
| ☐ Proceed      ☐ Delayed <br> ☐ Denied        *[The firearm(s) may be transferred on* <br> ☐ Cancelled      *_____ if State law permits (optional)]* | ☐ Proceed _____ *(date)*       ☐ Overturned <br> ☐ Denied _____ *(date)* <br> ☐ Cancelled _____ *(date)* <br> ☐ No response was provided within 3 business days. |

19.e. *(Complete if applicable.)* After the firearm was transferred, the following response was received from NICS or the appropriate State agency on:
_____ *(date).*  ☐ Proceed    ☐ Denied    ☐ Cancelled

| 19.f. The name and Brady identification number of the NICS examiner. *(Optional)* | 19.g. Name of FFL Employee Completing NICS check. *(Optional)* |
|---|---|
| _____ *(name)*    _____ *(number)* | |

20. ☐ No NICS check was required because a background check was completed during the NFA approval process on the individual who will receive the NFA firearm(s), as reflected on the approved NFA application. *(See Instructions for Question 20.)*

21. ☑ No NICS check was required because the transferee/buyer has a valid permit from the State where the transfer is to take place, which qualifies as an exemption to NICS. *(See Instructions for Question 21.)*

| Issuing State and Permit Type | Date of Issuance *(if any)* | Expiration Date *(if any)* | Permit Number *(if any)* |
|---|---|---|---|
| AZ    CCW | 1/30/18 | 1/30/2023 | ▮▮▮▮▮▮ |

### Section C - Must Be Completed Personally By Transferee/Buyer

If the transfer of the firearm(s) takes place on a different day from the date that the transferee/buyer signed Section A, the transferee/buyer must complete Section C immediately prior to the transfer of the firearm(s). *(See Instructions for Question 22 and 23.)*

I certify that my answers to the questions in Section A of this form are still true, correct, and complete.

| 22. Transferee's/Buyer's Signature | 23. Recertification Date |
|---|---|
| | |

**Transferor/Seller Continue to Next Page**
**STAPLE IF PAGES BECOME SEPARATED**

Page 2 of 6

ATF Form 4473 (5300.9)
Revised October 2016

**Section D - Must Be Completed By Transferor /Seller Even If The Firearm(s) is Not Transferred**

| 24. Manufacturer and Importer *(If any) (If the manufacturer and importer are different, the FFL must include both.)* | 25. Model *(If Designated)* | 26. Serial Number | 27. Type *(See Instructions for Question 27.)* | 28. Caliber or Gauge |
|---|---|---|---|---|
| 1. | H & K | ███ | ███ | Pistol | 9mm |
| 2. | H & K | ███ | ███ | rifle | 22 LR |
| 3. | | | | | |
| 4. | | | | | |

**REMINDER - By the Close of Business Complete ATF Form 3310.4 For Multiple Purchases of Handguns Within 5 Consecutive Business Days**

| 29. Total Number of Firearms Transferred *(Please handwrite by printing e.g., zero, one, two, three, etc. Do not use numerals.)* two   one | 30. Check if any part of this transaction is a pawn redemption. ☐ Line Number(s) From Question 24 Above: |
|---|---|
| 31. For Use by Licensee *(See Instructions for Question 31.)* | 32. Check if this transaction is to facilitate a private party transfer. ☐ *(See Instructions for Question 32.)* |

33. Trade/corporate name and address of transferor/seller and Federal Firearm License Number *(Must contain at least first three and last five digits of FFL Number X-XX-XXXXX.)  (Hand stamp may be used.)*

CG USA
15605 W ROOSEVELT ST.
STE: 113
GOODYEAR, AZ 85338

**9-86-07852**

**The Person Transferring The Firearm(s) Must Complete Questions 34-37.**
**For Denied/Cancelled Transactions, the Person Who Completed Section B Must Complete Questions 34-36.**

I certify that: (1) I have read and understand the Notices, Instructions, and Definitions on this ATF Form 4473; (2) the information recorded in Sections B and D is true, correct, and complete; and (3) this entire transaction record has been completed at my licensed business premises ("licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located) unless this transaction has met the requirements of 18 U.S.C. 922(c).  Unless this transaction has been denied or cancelled, I further certify on the basis of — (1) the transferee's/buyer's responses in Section A (and Section C, if applicable); (2) my verification of the identification recorded in question 18 and my re-verification at the time of transfer, *if Section C was completed*; and (3) State or local law applicable to the firearms business — it is my belief that it is not unlawful for me to sell, deliver, transport, or otherwise dispose of the firearm(s) listed on this form to the person identified in Section A.

| 34. Transferor's/Seller's Name *(Please print)* | 35. Transferor's/Seller's Signature | 36. Transferor's/Seller's Title | 37. Date Transferred |
|---|---|---|---|
| John Lamontagne | | Owner | 12/22/18 |

**NOTICES, INSTRUCTIONS, AND DEFINITIONS**

**Purpose of the Form:** The information and certification on this form are designed so that a person licensed under 18 U.S.C. 923 may determine if he/she may lawfully sell or deliver a firearm to the person identified in Section A, and to alert the transferee/buyer of certain restrictions on the receipt and possession of firearms. The transferor/seller of a firearm must determine the lawfulness of the transaction and maintain proper records of the transaction. Consequently, the transferor/seller must be familiar with the provisions of 18 U.S.C. 921-931 and the regulations in 27 CFR Parts 478 and 479. In determining the lawfulness of the sale or delivery of a rifle or shotgun to a resident of another State, the transferor/seller is presumed to know the applicable State laws and published ordinances in both the transferor's/seller's State and the transferee's/buyer's State. *(See ATF Publication 5300.5, State Laws and Published Ordinances.)*

Generally, ATF Form 4473 must be completed at the licensed business premises when a firearm is transferred over-the-counter. Federal law, 18 U.S.C. 922(c), allows a licensed importer, manufacturer, or dealer to sell a firearm to a nonlicensee who does not appear in person at the licensee's business premises only if the transferee/buyer meets certain requirements. These requirements are set forth in section 922(c), 27 CFR 478.96(b), and ATF Procedure 2013-2.

After the transferor/seller has completed the firearms transaction, he/she must make the completed, original ATF Form 4473 *(which includes the Notices, General Instructions, and Definitions)*, and any supporting documents, part of his/her permanent records. Such Forms 4473 must be retained for at least 20 years and after that period may be submitted to ATF. Filing may be chronological *(by date of disposition)*, alphabetical *(by name of purchaser)*, or numerical *(by transaction serial number)*, as long as all of the transferor's/seller's completed Forms 4473 are filed in the same manner.

FORMS 4473 FOR DENIED/CANCELLED TRANSFERS MUST BE RETAINED: If the transfer of a firearm is denied/cancelled by NICS, or if for any other reason the transfer is not completed after a NICS check is initiated, the licensee must retain the ATF Form 4473 in his/her records for at least 5 years. Forms 4473 with respect to which a sale, delivery, or transfer did not take place shall be separately retained in alphabetical *(by name of transferee)* or chronological *(by date of transferee's certification)* order.

If the transferor/seller or the transferee/buyer discovers that an ATF Form 4473 is incomplete or improperly completed after the firearm has been transferred, and the transferor/seller or the transferee/buyer wishes to correct the omission(s) or error(s), photocopy the inaccurate form and make any necessary additions or revisions to the photocopy. The transferor/seller should only make changes to Sections B and D. The transferee/buyer should only make changes to Section A and C. Whoever made the changes should initial and date the changes. The corrected photocopy should be attached to the original Form 4473 and retained as part of the transferor's/seller's permanent records.

**Exportation of Firearms:** The State or Commerce Departments may require a firearms exporter to obtain a license prior to export. **Warning!** Any person who exports a firearm without proper authorization may be fined not more than $1,000,000 and/or imprisoned for not more than 20 years. See 22 U.S.C. 2778(c).

**Section A**

The transferee/buyer must personally complete Section A of this form and certify *(sign)* that the answers are true, correct, and complete. However, if the transferee/buyer is unable to read and/or write, the answers *(other than the signature)* may be completed by another person, excluding the transferor/seller. Two persons *(other than the transferor/seller)* must then sign as witnesses to the transferee's/buyer's answers and signature/certification in question 14.

Page 3 of 6

ATF Form 4473 (5300.9)
Revised October 2016

CHAMBERED CUSTOM FIREARMS-000306

OMB No. 1140-0020

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Firearms Transaction Record**

| Transferor's/Seller's Transaction Serial Number *(If any)* |
| --- |
| ███████████ |

WARNING: You may not receive a firearm if prohibited by Federal or State law. The information you provide will be used to determine whether you are prohibited from receiving a firearm. Certain violations of the Gun Control Act, 18 U.S.C. 921 et. seq., are punishable by up to 10 years imprisonment and/or up to a $250,000 fine.

Read the Notices, Instructions, and Definitions on this form. Prepare in original only at the licensed premises *("licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located)* unless the transaction qualifies under 18 U.S.C. 922(c). All entries must be handwritten in ink. **"PLEASE PRINT."**

**Section A - Must Be Completed Personally By Transferee/Buyer**

1. Transferee's/Buyer's Full Name *(If legal name contains an initial only, record "IO" after the initial. If no middle initial or name, record "NMN".)*

| Last Name *(Including suffix (e.g., Jr, Sr, II, III))* | First Name | Middle Name |
| --- | --- | --- |
| Juncos | ██████████ | |

2. Current State of Residence and Address (U.S. Postal abbreviations are acceptable. Cannot be a post office box.)

| Number and Street Address | City | County | State | ZIP Code |
| --- | --- | --- | --- | --- |
| ██████████ | ██████████ | MARICOPA | AZ | ███████ |

| 3. Place of Birth | | | 4. Height | 5. Weight (Lbs.) | 6. Sex | 7. Birth Date | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| U.S. City and State | -OR- | Foreign Country | Ft | | ☒ Male | Month | Day | Year |
| ████████ | | US | In | 250 | ☐ Female | | | 1993 |

8. Social Security Number *(Optional, but will help prevent misidentification)*

9. Unique Personal Identification Number *(UPIN)* if applicable *(See Instructions for Question 9.)*

| 10.a. Ethnicity | 10.b. Race *(In addition to ethnicity, select one or more race in 10.b. Both 10.a. and 10.b. must be answered.)* | | |
| --- | --- | --- | --- |
| ☒ Hispanic or Latino | ☐ American Indian or Alaska Native | ☐ Black or African American | ☒ White |
| ☐ Not Hispanic or Latino | ☐ Asian | ☐ Native Hawaiian or Other Pacific Islander | |

11. Answer the following questions by checking or marking *"yes" or "no"* in the boxes to the right of the questions.

| | | Yes | No |
| --- | --- | --- | --- |
| a. | Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.** *Exception: If you are picking up a repaired firearm(s) for another person, you are not required to answer 11.a. and may proceed to question 11.b. (See Instructions for Question 11.a.)* | ☒ | ☐ |
| b. | Are you under indictment or information in any court for a **felony**, or any other crime for which the judge could imprison you for more than one year? *(See Instructions for Question 11.b.)* | ☐ | ☒ |
| c. | Have you ever been convicted in any court of a **felony**, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation? *(See Instructions for Question 11.c.)* | ☐ | ☒ |
| d. | Are you a fugitive from justice? *(See Instructions for Question 11.d.)* | ☐ | ☐ |
| e. | Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? **Warning: The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside.** | ☐ | ☒ |
| f. | Have you ever been adjudicated as a mental defective **OR** have you ever been committed to a mental institution? *(See Instructions for Question 11.f.)* | ☐ | ☒ |
| g. | Have you been discharged from the Armed Forces under **dishonorable** conditions? | ☐ | ☒ |
| h. | Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner? *(See Instructions for Question 11.h.)* | ☐ | ☒ |
| i. | Have you ever been **convicted** in any court of a misdemeanor crime of domestic violence? *(See Instructions for Question 11.i.)* | ☐ | ☒ |

12.a. Country of Citizenship: *(Check/List more than one, if applicable. Nationals of the United States may check U.S.A.)*
☒ United States of America *(U.S.A)*   ☐ Other Country/Countries *(Specify)*:

| | | Yes | No |
| --- | --- | --- | --- |
| 12.b. | Have you ever renounced your United States citizenship? | ☐ | ☒ |
| 12.c. | Are you an alien **illegally** or **unlawfully** in the United States? | ☐ | ☒ |
| 12.d.1. | Are you an alien who has been admitted to the United States under a nonimmigrant visa? *(See Instructions for Question 12.d.)* | ☐ | ☒ |
| 12.d.2. | If "yes", do you fall within any of the exceptions stated in the instructions? | ☐ N/A | ☐ ☐ |

13. If you are an alien, record your U.S.-Issued Alien or Admission number *(AR#, USCIS#, or I94#)*:

Previous Editions Are Obsolete

Page 1 of 6

**Transferee/Buyer Continue to Next Page**
**STAPLE IF PAGES BECOME SEPARATED**

ATF Form 4473 (5300.9)
Revised October 2016

**CHAMBERED CUSTOM FIREARMS-000307**

I certify that my answers in Section A are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 11.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 11.b. through 11.i and/or 12.b. through 12.c. is prohibited from purchasing or receiving a firearm. I understand that a person who answers "yes" to question 12.d.1. is prohibited from receiving or possessing a firearm, unless the person answers "yes" to question 12.d.2. and provides the documentation required in 18.c. I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law. *(See Instructions for Question 14.)*

| 14. Transferee's/Buyer's Signature | 15. Certification Date |
|---|---|
| | 1/4/19 |

### Section B - Must Be Completed By Transferor/Seller

| 16. Type of firearm(s) to be transferred *(check or mark all that apply):* | 17. If transfer is at a qualifying gun show or event: |
|---|---|
| ☑ Handgun ☐ Long Gun *(rifles or shotguns)* ☐ Other Firearm *(frame, receiver, etc. See Instructions for Question 16.)* | Name of Function: _____ City, State: _____ |

18.a. Identification *(e.g., Virginia Driver's license (VA DL) or other valid government-issued photo identification.) (See Instructions for Question 18.a.)*

| Issuing Authority and Type of Identification | Number on Identification | Expiration Date of Identification *(if any)* | | |
|---|---|---|---|---|
| | | Month | Day | Year |
| AZ  DL | ▮▮▮▮ | | | 2059 |

18.b. Supplemental Government Issued Documentation *(if identification document does not show current residence address) (See Instructions for Question 18.b.)*

18.c. Exception to the Nonimmigrant Alien Prohibition: If the transferee/buyer answered "YES" to 12.d.2. the transferor/seller must record the type of documentation showing the exception to the prohibition and attach a copy to this ATF Form 4473. *(See Instructions for Question 18.c.)*

### Questions 19, 20, or 21 Must Be Completed Prior To The Transfer Of The Firearm(s) *(See Instructions for Questions 19, 20 and 21.)*

| 19.a. Date the transferee's/buyer's identifying information in Section A was transmitted to NICS or the appropriate State agency: | 19.b. The NICS or State transaction number *(if provided)* was: |
|---|---|
| Month 1 | Day 4 | Year 19 | ▮▮▮▮ |

| 19.c. The response initially (first) provided by NICS or the appropriate State agency was: | 19.d. The following response(s) was/were later received from NICS or the appropriate State agency: |
|---|---|
| ☑ Proceed ☐ Delayed _____ ☐ Denied *[The firearm(s) may be transferred on _____ if State law permits (optional)]* ☐ Cancelled | ☐ Proceed _____ *(date)* ☐ Overturned ☐ Denied _____ *(date)* ☐ Cancelled _____ *(date)* ☐ No response was provided within 3 business days. |

19.e. *(Complete if applicable.)* After the firearm was transferred, the following response was received from NICS or the appropriate State agency on: _____ *(date)*. ☐ Proceed ☐ Denied ☐ Cancelled

| 19.f. The name and Brady identification number of the NICS examiner. *(Optional)* | 19.g. Name of FFL Employee Completing NICS check. *(Optional)* |
|---|---|
| _____ *(name)*    _____ *(number)* | |

| 20. | ☐ No NICS check was required because a background check was completed during the NFA approval process on the individual who will receive the NFA firearm(s), as reflected on the approved NFA application. *(See Instructions for Question 20.)* |
|---|---|
| 21. | ☐ No NICS check was required because the transferee/buyer has a valid permit from the State where the transfer is to take place, which qualifies as an exemption to NICS. *(See Instructions for Question 21.)* |

| Issuing State and Permit Type | Date of Issuance *(if any)* | Expiration Date *(if any)* | Permit Number *(if any)* |
|---|---|---|---|
| | | | |

### Section C - Must Be Completed Personally By Transferee/Buyer

If the transfer of the firearm(s) takes place on a different day from the date that the transferee/buyer signed Section A, the transferee/buyer must complete Section C immediately prior to the transfer of the firearm(s). *(See Instructions for Question 22 and 23.)*

I certify that my answers to the questions in Section A of this form are still true, correct, and complete.

| 22. Transferee's/Buyer's Signature | 23. Recertification Date |
|---|---|
| | |

**Transferor/Seller Continue to Next Page**
**STAPLE IF PAGES BECOME SEPARATED**

Page 2 of 6

ATF Form 4473 (5300.9)
Revised October 2016

CHAMBERED CUSTOM FIREARMS-000308

**Section D - Must Be Completed By Transferor /Seller Even If The Firearm(s) is Not Transferred**

| 24. Manufacturer and Importer (If any) (If the manufacturer and importer are different, the FFL must include both.) | 25. Model (If Designated) | 26. Serial Number | 27. Type (See Instructions for Question 27.) | 28. Caliber or Gauge |
|---|---|---|---|---|
| 1. Glock | ▇▇▇▇ | ▇▇▇▇▇ | Pistl | 9mm |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

**REMINDER - By the Close of Business Complete ATF Form 3310.4 For Multiple Purchases of Handguns Within 5 Consecutive Business Days**

29. Total Number of Firearms Transferred *(Please handwrite by printing e.g., zero, one, two, three, etc. Do not use numerals.)*    One

30. Check if any part of this transaction is a pawn redemption.
☐ Line Number(s) From Question 24 Above:

31. For Use by Licensee *(See Instructions for Question 31.)*

32. Check if this transaction is to facilitate a private party transfer.
☐ *(See Instructions for Question 32.)*

33. Trade/corporate name and address of transferor/seller and Federal Firearm License Number *(Must contain at least first three and last five digits of FFL Number X-XX-XXXXX.)  (Hand stamp may be used.)*

CG USA
15605 W ROOSEVELT ST.
STE: 113
GOODYEAR, AZ 85338

9-86-07852

**The Person Transferring The Firearm(s) Must Complete Questions 34-37.**
**For Denied/Cancelled Transactions, the Person Who Completed Section B Must Complete Questions 34-36.**

I certify that: (1) I have read and understand the Notices, Instructions, and Definitions on this ATF Form 4473; (2) the information recorded in Sections B and D is true, correct, and complete; and (3) this entire transaction record has been completed at my licensed business premises ("licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located) unless this transaction has met the requirements of 18 U.S.C. 922(c). Unless this transaction has been denied or cancelled, I further certify on the basis of — (1) the transferee's/buyer's responses in Section A (and Section C, if applicable); (2) my verification of the identification recorded in question 18 (and my re-verification at the time of transfer, *if Section C was completed*); and (3) State or local law applicable to the firearms business — it is my belief that it is not unlawful for me to sell, deliver, transport, or otherwise dispose of the firearm(s) listed on this form to the person identified in Section A.

| 34. Transferor's/Seller's Name *(Please print)* | 35. Transferor's/Seller's Signature | 36. Transferor's/Seller's Title | 37. Date Transferred |
|---|---|---|---|
| John Lemoyne | | Owner | 1/4/19 |

### NOTICES, INSTRUCTIONS, AND DEFINITIONS

**Purpose of the Form:** The information and certification on this form are designed so that a person licensed under 18 U.S.C. 923 may determine if he/she may lawfully sell or deliver a firearm to the person identified in Section A, and to alert the transferee/buyer of certain restrictions on the receipt and possession of firearms. The transferor/seller of a firearm must determine the lawfulness of the transaction and maintain proper records of the transaction. Consequently, the transferor/seller must be familiar with the provisions of 18 U.S.C. 921-931 and the regulations in 27 CFR Parts 478 and 479. In determining the lawfulness of the sale or delivery of a rifle or shotgun to a resident of another State, the transferor/seller is presumed to know the applicable State laws and published ordinances in both the transferor's/seller's State and the transferee's/buyer's State. *(See ATF Publication 5300.5, State Laws and Published Ordinances.)*

Generally, ATF Form 4473 must be completed at the licensed business premises when a firearm is transferred over-the-counter. Federal law, 18 U.S.C. 922(c), allows a licensed importer, manufacturer, or dealer to sell a firearm to a nonlicensee who does not appear in person at the licensee's business premises only if the transferee/buyer meets certain requirements. These requirements are set forth in section 922(c), 27 CFR 478.96(b), and ATF Procedure 2013-2.

After the transferee/seller has completed the firearms transaction, he/she must make the completed, original ATF Form 4473 *(which includes the Notices, General Instructions, and Definitions)*, and any supporting documents, part of his/her permanent records. Such Forms 4473 must be retained for at least 20 years and after that period may be submitted to ATF. Filing may be chronological *(by date of disposition)*, alphabetical *(by name of purchaser)*, or numerical *(by transaction serial number)*, as long as all of the transferor's/seller's completed Forms 4473 are filed in the same manner.

FORMS 4473 FOR DENIED/CANCELLED TRANSFERS MUST BE RETAINED: If the transfer of a firearm is denied/cancelled by NICS, or if for any other reason the transfer is not completed after a NICS check is initiated, the licensee must retain the ATF Form 4473 in his/her records for at least 5 years. Forms 4473 with respect to which a sale, delivery, or transfer did not take place should be separately retained in alphabetical *(by name of transferee)* or chronological *(by date of transferee's certification)* order.

If the transferor/seller or the transferee/buyer discovers that an ATF Form 4473 is incomplete or improperly completed after the firearm has been transferred, and the transferor/seller or the transferee/buyer wishes to correct the omission(s) or error(s), photocopy the inaccurate form and make any necessary additions or revisions to the photocopy. The transferor/seller should only make changes to Sections B and D. The transferee/buyer should only make changes to Section A and C. Whoever made the changes should initial and date the changes. The corrected photocopy should be attached to the original Form 4473 and retained as part of the transferor's/seller's permanent records.

**Exportation of Firearms:** The State or Commerce Departments may require a firearms exporter to obtain a license prior to export. **Warning:** Any person who exports a firearm without proper authorization may be fined not more than $1,000,000 and/or imprisoned for not more than 20 years. See 22 U.S.C. 2778(c).

**Section A**

The transferee/buyer must personally complete Section A of this form and certify *(sign)* that the answers are true, correct, and complete. However, if the transferee/buyer is unable to read and/or write, the answers *(other than the signature)* may be completed by another person, excluding the transferor/seller. Two persons *(other than the transferor/seller)* must then sign as witnesses to the transferee's/buyer's answers and signature/certification in question 14.

Page 3 of 6

ATF Form 4473 (5300.9)
Revised October 2016

**IN RE: CHAMBERED CUSTOM FIREARMS, LLC**
**ATF FFL Revocation Hearing on 10/19/2023**

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

_____
In Re:  Chambered Custom Firearms, LLC)
                                     )
_____)

ZOOM VIDEOCONFERENCE

ATF FFL REVOCATION HEARING

Phoenix, Arizona
October 19, 2023
8:58 a.m.

Prepared by:
JEFFREY W. BARTELT, CR, RPR
Certificate No. 50363

www.huseby.com          Huseby Global Litigation          800-333-2082

**IN RE: CHAMBERED CUSTOM FIREARMS, LLC**
**ATF FFL Revocation Hearing on 10/19/2023**                    Page 2

```
 1                    I N D E X

 2    WITNESS:

 3    JOHN LAMONTAGNE                              PAGE

 4
          Examination by Mr. Allan................10, 45
 5
          Examination by Mr. Ware.....................28
 6

 7                  E X H I B I T S

 8    NO.              DESCRIPTION                 PAGE

 9    1    Notice fo Deny Application for License
           Packet August 2023...........................4
10
      2    Request for Hearing 23 August 2023..........4
11
      3    Notice of Hearing Packet 05 September 2023..4
12
      4    Amended Notice of Hearing 11 October 2023...4
13
      5    Initial Application (type 01, 07)
14         Chambered Custom Firearms...................4

15    6    Lamontagne RP Notice & Application 05
           September 2023..............................4
16
      7    NOR 11 July 2023............................4
17
      8    PI Hearing Transcript Champered Group USA
18         19 September 2023...........................4

19    9    Order Denying Motion for Preliminary
           Injunction 28 September 2023................4
20
      10   Judelsohn form 4473 07 November 2018........4
21
      10.1 Lam form 4473 07 November 2018.............4
22
      10.2 Klingensmith form 4473 16 November 2018.....4
23
      10.3 Melendrez form 4473 21 November 2018........4
24
      10.4 Lamontagne form 4473 22 December 2018.......4
25
      10.5 Juncos form 4473 04 January 2019...........4
```

CHAMBERED CUSTOM FIREARMS-000311

IN RE: CHAMBERED CUSTOM FIREARMS, LLC
ATF FFL Revocation Hearing on 10/19/2023                    Page 3

```
 1                        ATF FFL REVOCATION

 2    commenced at 8:58 a.m. on October 19, 2023 at the

 3    ATF Phoenix Field Office, 40 North Central Avenue,

 4    Suite 1000, Phoenix, Arizona, before JEFFREY W.

 5    BARTELT, a Certified Reporter, CR No. 50363, for the

 6    State of Arizona, NM CSR #538 for the State of New

 7    Mexico.

 8

 9                            * * *

10

11                     A P P E A R A N C E S

12

            For the Bureau of Alcohol, Tobacco, Firearms and
13          Explosives:

14          By:  Kristina Babcock, DIO Hearing Officer
                 40 North Central Avenue, Suite 1000
15               Phoenix, Arizona 85004
                 (602) 776-5400
16
            By:  Paul J. Ware
17               Deputy Associate Chief Counsel (West)
                 9449 Balboa Avenue, Suite 200
18               San Diego, California 92123

19
            For Chambered Custom Firearms, LLC:
20
            RENZULI LAW FIRM, LLC
21          By:  Scott C. Allan, Esq. (via Zoom)
                 One North Broadway, Suite 1005
22               White Plains, New York 10601

23

24

25
```

CHAMBERED CUSTOM FIREARMS-000312

IN RE: CHAMBERED CUSTOM FIREARMS, LLC
ATF FFL Revocation Hearing on 10/19/2023          Page 4

```
 1                              Phoenix, Arizona
                                October 19, 2023
 2                              8:58 a.m.

 3

 4          Exhibits 1 through 10.5 were previously

 5          marked for identification.)

 6

 7

 8                    *   *   *

 9

10          HEARING OFFICER:  Okay.  The hearing has

11  officially begun.  The time is 8:58 a.m.  The date

12  is October 19th, 2023.  We are located at the

13  Phoenix Field Division Office at 40 North Central

14  Avenue, Suite 1000, Phoenix, Arizona, 85004, and the

15  Applicant and his counsel are actually virtual for

16  this hearing.

17          My name is Kristina Babcock.  I'm the

18  Director of Industry Operations for the Phoenix

19  Field Division and will be the officer presiding

20  over this hearing by the direction and under the

21  authority of the Bureau of Alcohol, Tobacco,

22  Firearms and Explosives, United States Department of

23  Justice.

24          The hearing is an administrative proceeding

25  and is informal in nature.  The hearing is to review
```

CHAMBERED CUSTOM FIREARMS-000313

1  the notice to deny application for the license ATF

2  Form 5300.4 issued under the provisions of Title 27,

3  Code of Federal Regulations, Part 478, subpart (e).

4  As the result of the issuance of ATF Form 5300.4,

5  you requested in writing that a hearing be granted.

6  The focus of this hearing will be on the evidence

7  regarding whether the application should be denied.

8         There are a couple of procedural issues I

9  will address before we get started.  A transcript is

10  being made of these proceedings for the record.

11  Because of this, I ask that you speak one at a time

12  so that a clear and accurate record can be made.

13  Answers must be audible.  Please do not shake your

14  head or nod in response to a question.

15         At this time I will ask the Applicant and

16  those present on your behalf to introduce

17  yourselves.  Please give me your full name and spell

18  your last name for the record.

19         MR. LAMONTAGNE:  John Lamontagne,

20  L-A-M-O-N-T-A-G-N-E.

21         MR. ALLAN:  Scott Allan, A-L-L-A-N, counsel

22  for Chambered Custom Firearms.

23         HEARING OFFICER:  Okay.  And, Mr. Ware, it

24  looks like you will be the only one presenting on

25  behalf of ATF, so please give your full name and

CHAMBERED CUSTOM FIREARMS-000314

1    spell your last name for the record.

2          MR. WARE:  Sure.  My full name is Paul John

3    Ware.  Last name is spelled W-A-R-E.

4          HEARING OFFICER:  All right.  You can go

5    ahead and proceed.

6          MR. WARE:  Before I start with the

7    presentation of exhibits, Mr. Allan, I sent you an

8    email last night or yesterday.  It was encrypted.

9          Were you able to open up that email with the

10   10 exhibits?

11         MR. ALLAN:  I was, yes.

12         MR. WARE:  Okay.  But what I'm going to do

13   is I'm going to just go through those exhibits.

14   There is one I wanted to highlight.  We can do one

15   of two things.  I can put it up on the screen where

16   we all can see, or you can open it up.

17         Did you share it with Mr. Lamontagne?

18         MR. ALLAN:  I did not.  If you can put it up

19   on the screen.

20         MR. WARE:  I will put it up on the screen.

21   So the first Government exhibit I'm going to offer

22   is the Notice to Deny Application dated 10 August,

23   2023.

24         Exhibit No. 2 was the Request for the

25   Hearing submitted by the Applicant.

1          Government Exhibit No. 3 is the Notice of

2    the Hearing.  That's the original scheduling of the

3    hearing.

4          Exhibit No. 4 is the Amended Notice of

5    Hearing, which we changed it to this date, and,

6    obviously, it seems like everyone got that

7    information.

8          Exhibit No. 5.1 is Initial Application, and

9    I'm going to throw that one up on the screen right

10   now because I had a question about it.

11         Can everyone see the document on the screen?

12         MR. ALLAN:  Yes.

13         MR. LAMONTAGNE:  Yes.

14         HEARING OFFICER:  So Exhibit 5.1, I'm going

15   to draw your attention to page 4, and it appears --

16   the answer -- you see line number 21, the question

17   for Mr. Lamontagne:  Have you been a responsible

18   person with a Federal Firearms License?  The

19   indication here is no.

20         Is that an error, or are you alleging you

21   weren't a responsible person on that Federal

22   Firearms License?

23         MR. LAMONTAGNE:  That was done in error

24   because I didn't understand it until the gentleman

25   came and explained it to me from the ATF.

CHAMBERED CUSTOM FIREARMS-000316

**IN RE: CHAMBERED CUSTOM FIREARMS, LLC**
**ATF FFL Revocation Hearing on 10/19/2023**          Page 8

1        MR. WARE:  Okay.  I just wanted to make

2    sure.  I wanted to clear up that part.

3        So if I understand this correctly, you were

4    a responsible person on the corporate license, but

5    you never held a personal license, so those

6    questions --

7        THE WITNESS:  Right.

8        MR. WARE:  All right.  Thank you.

9        Government Exhibit 5.2 is just an update to

10   the application.  It looks like it was updated on 16

11   June, 2023, prior to it being processed.

12       Exhibit No. 6 is the Application and the

13   Notice for Mr. Lamontagne to become a responsible

14   person on 5 September, 2018, on Chambered Customs

15   USA license.

16       Exhibit 7 is a Notice of Revocation issued

17   on 11 July, 2023, to just Chambered Customs, USA.

18       Exhibit No. 8 is a transcript from a

19   preliminary injunction motion hearing for Chambered

20   Group USA that occurred on 19 September, 2023.

21       Exhibit No. 9 is an order from the Judge

22   denying the motion of preliminary injunction issued

23   on 20 September, 2023.

24       Mr. Allan, did you have any questions about

25   those exhibits or any objections to offering those

CHAMBERED CUSTOM FIREARMS-000317

1    exhibits?

2            MR. ALLAN:  Just one clarification.  I think

3    you said one of the exhibits was the Notice of

4    Revocation of Chambered Customs, FFL.  I think that

5    should be Chambered Group's FFL.

6            MR. WARE:  I'm sorry.  Yeah, Chambered

7    Customs Group.  I call them Chambered Custom's USA

8    Group, but you're correct.  It's the Notice of

9    Revocation for the previous license, not this entity

10   here we are talking about.

11           Did you have any objection to the

12   consideration of those 10 exhibits, Mr. Allan?

13           MR. ALLAN:  No.

14           MR. WARE:  Now, the basis for the denial was

15   the finding that Chambered Customs Group USA was a

16   willful violator and was revoked, and Mr. Lamontagne

17   was the responsible person on that license.  That's

18   spelled out in his denial of application.  The

19   documents, the Government exhibits we produced, show

20   that he was the responsible person and that the

21   license was revoked.  There was a preliminary

22   injunction hearing.  It was upheld.  At the

23   preliminary injunction denied -- the preliminary

24   injunction motion was denied, I'm sorry, and the

25   order from the Judge also found to be a willful

CHAMBERED CUSTOM FIREARMS-000318